180  613
s186 254

# Richard B. Folk *v.* Lewis Schaeffer, William S. Merkel and John Bertolett, trading as Schaeffer, Merkel & Co., Appellants.

*Negligence—Partners—Declaration—Evidence.*

In an action against three partners to recover damages for personal injuries caused by the alleged negligence of one of them, a declaration of one of the other partners to the effect that he had always been willing to pay plaintiff but that the other members of the firm did not agree with him is inadmissible; and the error in admitting it is not cured by limiting its effect to the party who made the statement.

In an action against a partnership to recover damages for personal injuries, the case is for the jury where the evidence tends to show that the direct cause of the accident was the slipping of a knot in one of the guy ropes which held a derrick in place, and that this knot had been negligently tied by one of the defendants.

Argued March 1, 1897. Appeal, No. 379, Jan. T., 1896, by defendants, from judgment of C. P. Berks Co., Aug. T., 1894, No. 76, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Reversed.

Trespass for personal injuries. Before ENDLICH, J.

At the trial it appeared that on July 12, 1892, when the accident occurred, plaintiff, who was about twenty years of age, was an apprentice in the employ of the defendants in their foundry and machine shop. Defendants were about to erect a scaffolding to put a hood on top of their furnace chimney, and Mr. Merkel, one of the firm, sent the plaintiff with another man " to fetch a rope and also a piece of lumber 4 $\times$ 4 inches and 14 feet long for an upright," and, after the rigging was fastened, plaintiff was stationed on the top of the building, and during the efforts to raise the hood from the ground, the rope which Merkel had tied became untied, thus causing such a strain upon the upright piece of wood which held the guy ropes as to bend it over and break it. The plaintiff was struck by one of the pieces, knocked from the stack and severely injured.

At the trial, when Charles B. Folk, a witness for plaintiff, was on the stand, the following offer was made :

Mr. Jacobs, of counsel for plaintiff : It is proposed to show that after the accident occurred the witness was stopped by Lewis Schaeffer, one of the defendants in this suit, who began to talk to him about the case ; that during this conversation he said, " I know we owe your brother for this injury, and he ought to be paid and I have always been willing to pay him, but the other members of the firm don't feel as I do or don't agree with me, and I would much prefer to give it to your brother, who ought to have it, than to pay it to the mean lawyers, who will take the case and get the money."

Mr. Derr, of counsel for defendants : Objected to, because a case of this nature is to be made out by showing how the accident happened, and that it was through the negligence of the defendants, or by the admission of some distinct fact tending to show negligence. A declaration such as is proposed to be proved by one of a number of partners is not binding upon the rest. The testimony offered is generally irrelevant and incompetent.

By Mr. Jacobs: " Q. How long after this accident did this conversation occur? A. Right after he had brought suit. Q. Probably two years after the accident? A. Yes, sir."

The Court: The offer is admitted as affecting the party who made the alleged statement; exception for both plaintiff and defendant.

The witness testified: " Q. State what he said to you when you were standing out front. A. He proceeded and said if he had any bones broken in his body ' I wouldn't like to be in this case for any amount of money,' but he said, ' he had nothing broken, it was merely his shoulder was out of joint.' · Q. Did he state the other I talked about? You are to give all now that he said. A. When he stopped me he said, ' Folk, we owe him for his injuries and I was always willing to pay, but the rest of the partners were not;' and he says he told them many a time, Merkel especially, whether he would rather go down to the courthouse and get abused with them dirty, mean, bad lawyers, and he said he would rather give him the money right down than the lawyers; then he said what I said a minute ago about this, that he wouldn't like to be in the case if he had any bones broken in his body; then he said when he was there to make settlement the last time, he said he waited on him—when Richard came the last time to make settlement Schaeffer told me that he, Schaeffer, was not in good humor when he came to make settlement, he said he got a whole wagon load of goods returned—Q. He said he was not in a good humor when he came up the last time to make settlement? A. Yes, sir. Q. Did he give any reasons? A. He told me, ' We don't owe you anything; you are put up by other people to do this, and I don't want to have anything to do with you.' Q. He said that when he was in a bad humor? A. Yes, sir; and he said he knew he ought not to say what he did say, and he said he thought my brother should not be so hasty when he talked to him, when he did talk, but he was willing to take that back." On cross-examination he testified: " Q. You say he said he thought they owed your brother for his injury? A. Yes, sir. Q. And he was of the opinion that your brother ought to be paid? A. Yes, sir; that is what he said. Q. And that his partners didn't think so? A. That is what he said. Q. Then he expressed it as his belief and opinion that they ought to pay your brother? A. Yes, sir; and he said he was willing to." [4]

Defendants' points and answers thereto among others were as follows:

4. Where an employee in the course of his employment and from an elevated platform, directs the hoisting of a ponderous article and discovers a slackness in one of the guy-ropes indicating the yielding or giving way of the rope bearing the strain, and undertakes himself to adjust the matter by tightening the slack rope, and then orders the men to go on with the hoisting, whereupon the strained rope separates by the opening of a knot, said employee must be regarded as having intelligently and voluntarily assumed all the risks of the situation. *Answer:* Refused. [2]

7. While admissions by a party to a suit such as this, of pertinent facts, are evidence against him, a mere declaration that he believes himself liable is not evidence, and especially is this so where the person making the declaration is one of a number of copartners, and does not appear to have any actual personal knowledge of the pertinent facts. *Answer:* Refused. [5]

9. The plaintiff's own testimony shows that the accident occurred though his negligence. *Answer:* Refused. [3]

10. Under all the testimony in the case the verdict must be for the defendants. *Answer:* Refused. [1]

Verdict and judgment for plaintiff for $4,000. Defendants appealed.

*Errors assigned* were (4) ruling on evidence as above, quoting the bill of exceptions; (1, 2, 3–5) above instructions, quoting them.

*Cyrus G. Derr*, with him *D. Nicholas Schaeffer*, for appellants. —There can be no inference of negligence from the mere fact of the injury: Easton v. Neff, 102 Pa. 478; Mixter v. Imperial Coal Co., 152 Pa. 397.

Plaintiff assumed the risk of his employment: Nuss v. Rafsnyder, 178 Pa. 397.

While admissions by parties are as a rule competent evidence against them, this is meant of admissions of fact, and not of mere statements of opinion as to the merits of a controversy. The admission of testimony showing an expression by Lewis Schaeffer, one of the defendants, to the plaintiff's brother, of an

opinion or belief that "we owe him for his injuries and I was always willing to pay, but the rest of the partners were not," was erroneous, as it shed no light upon the issue trying, while its effect upon the jury was prejudicial to the defendants: Steffy v. Carpenter, 37 Pa. 41.

*J. H. Jacobs,* with him *John H. Rothermel* and *H. P. Keiser,* for appellee.—The duty of the defendants was to furnish those in their employ with ordinary machinery, such as with reasonable care may be used with safety: Shaffer v. Haish, 110 Pa. 575 ; Bailey on Master's Liability for Injuries to Servant (1894), p. 2; Van Dunsen v. Letellier, 78 Mich. 502; Bessex v. Ry. Co., 45 Wis. 482; Bolles on Liability of Employers of Penna., p. 35; Woodward v. Shumpp, 120 Pa. 458; Rummell v. Dilworth, 111 Pa. 343.

Admission of liability is an evidence of negligence, but does not create liability: Swift Elec. Light Co. v. Grant, 51 N. W. Rep. 539; Brice v. Bauer, 108 N. Y. 428.

The case of Steffy v. Carpenter, 37 Pa. 41, cited by appellant, has no application here—Erstler and Denny were not parties to the record—in our case Schaeffer's name heads the firm.

OPINION BY MR. JUSTICE FELL, April 12, 1897 :

The plaintiff was injured while assisting his fellow workmen in placing a hood on the top of an iron smokestack. The direct cause of the accident was the slipping of a knot in one of the guy ropes which held a derrick in place. The knot had been tied by one of the defendants, Merkel. The action was against Schaeffer, Merkel and Betolette, copartners trading as Schaeffer, Merkel and Company. At the time of the accident the work was in charge of the plaintiff. None of the defendants was present, and none of them except Merkel had seen the appliances used or had any connection with the work. At the trial an offer was made to prove by a witness that after the accident Schaeffer had said that the plaintiff ought to be paid, that he had always been willing to pay him, that the other members of the firm did not agree with him, and that he preferred to pay the plaintiff rather than that the money should go to the lawyers who had brought the action. Under objection this witness testified that two years after the accident Schaeffer had

made to him a statement substantially the same as that set out in the offer. It does not appear that Schaeffer had any personal knowledge of the accident or of the circumstances under which it happened. He made no admission of a fact from which negligence could be inferred, and no acknowledgment of a liability recognized by the firm. At the most he but expressed his individual opinion that the plaintiff should be paid, and a willingness on his part, not acquiesced in by his partners, that the firm should pay something to avoid litigation. His opinion as to the legal liability of his firm and his expression of a willingness to pay something in compromise of pending litigation neither imposed a liability nor tended to establish facts from which it would arise. This testimony was doubtless prejudicial to the defendants, and the error in admitting it was not cured by limiting its effect to the party who made the statement. As the action was against the firm there could practically be no such limitation.

The case could not have been properly withdrawn from the jury, and it was carefully submitted by the learned trial judge. The first, second and third assignments of error are overruled, and for the reasons stated the fourth and fifth assignments are sustained.

The judgment is reversed with a venire facias de novo.