# Matteson v. New York Central & Hudson River Railroad Company, Appellant.

*Railroads—Damages to land—Trespass—Evidence—Opinion of witness—Cross-examination.*

Where in an action against a railroad company to recover damages for the flooding of land by reason of the construction of a bridge, a witness for the plaintiff has testified as to the flooding, and the size and extent of the gullies and depressions which had resulted, may be asked on cross-examination whether the land before the building of the bridge had not been subject to overflow, and whether at that time there were not depressions on it and ponds four or five feet deep.

*Principal and agent—Declarations—Res gestæ—Statements after the event.*

What an agent says while acting within the scope of his authority is admissible against his principal as part of the res gestæ, but not statements or representations made by him at any other time.

*Negligence—Evidence—Repairs made after accident.*

Repairs made after an accident do not in themselves give rise to a presumption of negligence.

Argued May 6, 1907. Appeal, No. 164, Jan. T., 1906, by defendant, from judgment of C. P. Tioga Co., Sept. T., 1904, No. 302, on verdict for plaintiff in case of Lucian A. Matteson v. The New York Central & Hudson River Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for injuries to land alleged to have been caused from the construction of a bridge. Before CAMERON, P. J.

At the trial when W. J. Ballou was on the stand, the following offer was made:

Mr. Owlett: I want to ask this witness if from the time he first knew this land in 1870, down to the time of the flood, if there was not a depression there, and if in the earlier years of his knowledge of that field if there was not water standing in there in ponds from four to five feet deep, for the purpose of showing this jury the character of that land and under the evidence of Mr. Matteson that it frequently overflowed there, to give them some knowledge of the true situation and value of that land.

Objected to, for the reason it is not cross-examination. If it does anything it tends to open in this indirect way the defense in this case; the fact that twenty years ago there may have been pools of water upon this land cannot be relevant here, the witness having sworn prior to this flood there was no water course there.

Objection sustained and evidence excluded.

To which ruling by the court counsel for the defendant except and at their request this bill is sealed. [11]

When the plaintiff was on the stand, the following offer was made:

Counsel for the plaintiff propose to show by the witness on the stand, and the plaintiff in this case, that soon after the damage alleged in plaintiff's statement was suffered the superintendent of the defendant company came upon the ground in question and said to the plaintiff, " Mr. Matteson, it looks as though we had pretty near ruined you. We expect to pay you for all the damage we have done—and we will. Just hold on and don't be in a hurry, and we will settle with you." This to be followed by other evidence that this corporation afterwards instructed their trestle gang, or railroad gang, to go to that ground and remove those piles as quickly as possible, as they were liable for the damages sustained by the farmers as long as they were in there. This for the purpose of showing the corporation's own admission of their negligence. That the officer referred to as meeting Mr. Matteson on the

ground is Mr. Crowley, superintendent of the Pennsylvania division of the New York Central Railroad.

Counsel for the defendant object to this offer as incompetent and immaterial. It is an effort to show a statement by a subordinate officer, or agent of the company, not shown to have any authority to bind the company for any such purpose, neither is it shown the character of the supervision which the agent or officer had. It is not shown whether he is general superintendent, division superintendent, or. the extent of his authority or that he had any authority whatever to adjust claims or to bind the company in this regard. This offer is further objected to for the reason that in the main it is an effort to show the opinion of some unknown officer or agent of the company as to facts claimed to be irrelevant to this case, and that the evidence offered is incompetent for the further reason that it is an attempt to get the opinion of a witness not shown to have authority to speak on the subject and not shown to have been on the ground when the damage is alleged to have occurred, and, who, therefore, cannot know of the cause of the damage.

Objection overruled.   Exception. [12]

Louis Costley was asked this question:

" Q. You may state to the court if he said anything about the necessity of getting those (piles) out ?"

Counsel for the defendant object to what was said by the supervisor of bridge work on the Pennsylvania division as being improper and irrelevant, and from no point of view being proper evidence upon the issue now trying.

It is proposed by the witness upon the stand, who has already testified to the condition of the trestle, to now show by him, that he, as one of the employees of the railroad, helped to remove these piles; that they were directed to do so by the superintendent of that class of work of the corporation defendant. The purpose of this offer is to show that these piles were recognized by the railroad company as their property and to show that they took charge of them and caused them to be removed.

Objected to as being incompetent and wholly irrelevant and immaterial and not in any way helping to determine the issue being tried, and for the further reason that it does not appear

in the offer that the piles were removed at or about the time of the injury or that the conversation referred to occurred about that time.

The Court : Objection overruled for the purpose of showing the authority exercised by the man in charge of this work, and to show that he was an officer of the company.

To which ruling by the court counsel for the defendant except, and at their request this bill is sealed. [13]

Verdict and judgment for plaintiff for $2,017.16.    Defendant appealed.

*Errors assigned* among others were (11–13) rulings on evidence, quoting the bill of exceptions.

*E. H. Owlett* and *S. F. Channell*, with them *Walter Sherwood*, for appellant, cited : Penna. R. R. Co. v. Books, 57 Pa. 339 ; American Steamship Co. v. Landreth, 102 Pa. 131 ; Giberson v. Patterson Mills Co., 174 Pa. 369 ; Baran v. Reading Iron Co., 202 Pa. 274 ; Elias v. Lancaster City, 203 Pa. 638.

*Henry A. Ashton*, with him *Chester H. Ashton*, for appellee.

OPINION BY Mr. JUSTICE STEWART, June 3, 1907 :

The question here at issue was the defendant's liability to respond in damages for the flooding of plaintiff's land, claimed by the plaintiff to have resulted from the manner in which defendant company had constructed the foundation for its bridge over the Cowanesque river. The case presents no peculiar features, and does not call for a general review. It is enough to indicate the specific errors committed on the trial which require a reversal of the judgment.

W. J. Ballou, a witness called by plaintiff, testified as to how the plaintiff's land was affected by the flooding, which he said was occasioned by the defendant's structure, and gave his estimate of the damage. He described how it had been washed, and the size and extent of the gullies and depressions which resulted. On cross-examination it was proposed to ask this witness whether, before the building of the bridge complained of, the land was not subject to overflow, and whether there were not at that time depressions on it and ponds four or five

feet deep. The offer was excluded on the ground ·that it was an attempt to introduce defendant's case by way of cross-examination. However much it was in line with what defendant proposed to prove subsequently by way of defense, it was none the less entirely competent by way of cross-examination; and it was error to exclude it.

The plaintiff was permitted under objection to testify to certain admissions by the division superintendent of the defendant company at a later day, as to the cause and extent of the damage done to the land. This was not by way of contradiction, but as substantive testimony. "The rule is well settled," says SHARSWOOD, J., in Penna. Railroad Company v. Books, 57 Pa. 339, "that what an agent says while acting within the scope of his authority, is admissible against his principal, as part of the res gestæ, but not statements or representations made by him at any other time."

Like error was committed in allowing another witness for plaintiff, under objection, to testify to certain directions given by the defendant's supervisor of bridge work, for the removal of the piles which it is claimed caused the obstruction in the stream and the flooding of plaintiff's land. While the avowed purpose of the offer was to show admission by the company that the piles were the property of the company, a matter not in dispute, the inference the jury would most likely have derived from it, would have been an implied admission of negligence in having the piles where they had been placed. The evidence was inadmissible for such purpose. Repairs made after an accident do not in themselves give rise to a presumption of negligence: Baran v. Reading Iron Co., 202 Pa. 274. The evidence should have been excluded. The eleventh, twelfth and thirteenth assignments of error are sustained.

Judgment reversed, and a venire facias de novo awarded.