Opinion by
Henderson, J.,
This action arose out of a collision between automobiles owned by the plaintiff and the defendant. The allegation of the former was that the defendant’s chauffeur was negligent in driving his machine on the wrong side of the road and in a manner to necessarily bring about the injury complained of. The testimony of the defendant and his chauffeur tended to exonerate the latter from responsibility for the accident. In the cross-examination of the *150 defendant lie was asked whether he had not discharged the chauffeur soon after the collision, to which the witness replied, “I would say no and yes.” He then explained that he told his chauffeur the next afternoon that the women of his family would never again feel safe with him in charge of the car and that he thought it advisable to suspend further relations with him; that the timidity of his family was the reason for his doing so. Portser, the defendant’s chauffeur, testified on cross-examination that he had no recollection of having requested the plaintiff to write a letter saying that the accident was not wholly his, Portser’s, fault, and that he desired such a letter in order to enable him to get another place because Senator Flinn had discharged him. This testimony was contradicted by the plaintiff who said that the conversation with regard to the letter had occurred as set forth in the question propounded to Portser. The learned trial judge in charging the jury called attention to the alleged discharge of his chauffeur by the defendant, and said, “You are to consider what the natural and probable effect of that conversation would be, and you are to say whether or not there is anything in that attitude or conduct of Senator Flinn which would indicate he was blaming his chauffeur for the accident that occurred.” This instruction is made the subject of the eighth assignment of error. In the form in which this part of the testimony was thus brought to the attention of the jury the impression must have been produced that the jury was to take into consideration the fact that the defendant’s chauffeur had been discharged as bearing on the inquiry whether he had been guilty of negligence at the time of the accident, but we are unable to obtain any view of the case which would render the evidence competent for this purpose. If it be conceded that it was admissible to prove that the chauffeur was discharged by way of contradiction of the defendant’s evidence wherein he explained the manner of the accident in a way to relieve his driver from culpability it could be received for the purpose of contradiction only and not as *151 substantive evidence of negligence, but as the matter was-presented to the jury they would be warranted in concluding that if the chauffeur was discharged that was evidence that he was guilty of negligence when the collision occurred. The explanation of the defendant excluded the theory of a discharge on account of the chauffeur’s negligence, and the fact of the discharge was not competent for the purpose of establishing negligence. The principle involved in Baran v. Reading Iron Co., 202 Pa. 274, and Matteson v. N. Y. Cen. R. R. Co., 218 Pa. 527, applies to this feature of the case. The taking of precaution against the future cannot be held to be an implied admission of liability for what had theretofore taken place. An employer might discharge his employee under such circumstances because he had not avoided the accident, even if he were not to blame for producing it, and the apprehension of timid members of his family might well induce him to change his driver, even if his own judgment did not approve of such act. The learned judge should have instructed the jury if they were to consider that branch of the case that it was only admissible as tending to show that the defendant entertained a different view of the chauffeur’s responsibility from that stated by him at the trial and that it was not to be taken into account as an admission by the defendant that the chauffeur was guilty of negligence. The eighth assignment is therefore sustained.
For like reasons we think the ninth assignment should be sustained. The evidence of the plaintiff as to the declarations of Portser was only admissible by way of contradiction. At the time of the conversation referred to Portser was not in the service of the defendant and any declarations made by him as to what took place some time before would not be admissible against the defendant for the purpose of establishing negligence. But in the manner in which the evidence was brought to the attention of the jury they could well conclude that an admission by Portser that he was “ to a certain extent to blame for this accident ” *152 was substantive testimony bearing on the question of the defendant’s liability.
As the case must go back for another trial it is unnecessary to consider those assignments which relate to the character of the charge and the omission of the trial judge to call the attention of the jury to salient features of the Evidence. No exception was taken to the matter complained of in the fourth and sixth assignments. They are not therefore properly before us for consideration. The learned counsel for the appellant understood that the exception taken to the evidence offered as set forth in the third assignment applied to that covered by the fourth and sixth assignments, but we think it clear from the course of the examination that the exception was not sufficient to cover the testimony embraced in the latter two assignments. There is nothing in the case from which we conclude that the testimony of an expert was admissible as to the conduct of the drivers of the machines. The vehicles were in good working condition, and the circumstances were fully described and readily understood by the jury and were of such a nature that men without special training could understand the situation. In such a case expert testimony is not admissible. The case does not call for further comment.
The judgment is reversed with a v. f. d. n.