## Liebster, Appellant, *v.* Lucas.

*Evidence—Declaration against interest—Admissibility.*

In the trial of an action of trespass, to recover damages for injury to an automobile, it was error to exclude an offer by the plaintiff to prove that within a half hour after the accident, defendant admitted that he was driving while under the influence of liquor, and it was his fault that the accident occurred, and that he would make good any damages. It was also error to exclude an offer to prove that at a later time the defendant had agreed to pay the bills for the repairs.

It is always competent to prove what a party says against his interest about the matter in controversy, and evidence tending to establish such facts cannot be excluded on the ground that they amount to an offer of compromise.

Argued October 4, 1923. Appeal, No. 53, Oct. T., 1923, by plaintiff, from judgment of Municipal Court of Philadelphia, May T., 1922, No. 738, on verdict for defendant in the case of Benjamin Liebster v. James M. F. Lucas. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for injury to an automobile. Before KNOWLES, J.

The opinion of the Superior Court states the case.

Verdict for defendant and judgment thereon. Plaintiff appealed.

184, (1923).]  Assignment of Errors—Opinion of the Court.

*Errors assigned* were in sustaining defendant's objection to certain offers of evidence as quoted in the opinion of the Superior Court.

*Oscar Rosenbaum,* for appellant, cited: Galbraith v. Green, 13 S. & R. 85; Schall v. Miller, 5 Whart. 156; Shirley v. Shirley, 59 Pa. 267; Kennedy v. Erdman, 150 Pa. 427; Coxe v. England, 65 Pa. 212; Dennison v. Miner, 17 W. N. C. 561.

*Robert T. McCracken,* of *Roberts & Montgomery,* for appellee, cited: Pirhalla v. Duquesne Borough, 47 Pa. Superior Ct. 330; Houston v. Western Washington Railroad Company, 204 Pa. 321; Parkinson v. Parkinson, 61 Pa. Superior Ct. 279; Leh v. Dutt, 66 Pa. Superior Ct. 171; Hunter v. Brener, 256 Pa. 257; Justice v. Watkins, 276 Pa. 138; Evans v. Evans, 155 Pa. 572.

OPINION BY GAWTHROP, J., November 19, 1923:

Plaintiff sued in trespass for damages to his automobile sustained in a collision between his car and one driven by defendant. The trial resulted in a verdict for defendant. The two assignments of error complain of the exclusion of certain evidence offered by plaintiff. We quote from the record:

By plaintiff's counsel:

"Q. Did you have a talk with Mr. Lucas?

"A. The next day at the hearing.

"Q. Did you have any talk with him in the patrol wagon?

"A. Yes.

"By Mr. McCracken:

"Q. How long after the accident was that?

"A. About half an hour.

"Mr. McCracken: I object.

"The Court: Objection sustained; exception noted for the plaintiff.

"(The following offer was made at side bar:)

"(Mr. Rosenbaum: I offer to prove that within one-half hour after the collision occurred, while the defendant was riding in a patrol wagon with the driver of the plaintiff's car the defendant admitted that he was under the influence of liquor; that it was his fault that the accident occurred, and that he would make good any and all damages, to avoid notoriety and publicity.)

"Mr. McCracken: I object.

"The Court: Objection sustained. Exception to plaintiff." Later in the trial plaintiff's counsel offered to prove by plaintiff that shortly after he learned that his automobile had been damaged he went to see defendant, who asked him where the machine was and that, when defendant learned that the machine was in a garage for repairs, defendant said he would pay the bill. The exclusion of these offers was error. It is always competent to prove what a party says against his interest about the matter in controversy. Defendant's opinion as to who was at fault, expressed soon after the accident, was evidence as a declaration against interest. See Shirley v. Shirley, 59 Pa. 267; Simons et al. v. The Vulcan Oil and Mining Co., 61 Pa. 202; Dennison v. Miner, 17 W. N. C. 561; Kennedy et al. v. Erdman et al., 150 Pa. 427. The able counsel for appellee urges that the first offer was properly excluded because it was a declaration against interest accompanied by an offer of compromise or settlement. We cannot so hold. The offer did not tend to show that defendant was disputing plaintiff's claim. No demand had been made. The evidence, if consistent with the offer, amounted to a voluntary admission that defendant was at fault, why he was at fault, and an offer to make plaintiff whole. We have not seen it stated in any authoritative textbook or held in any reported case that evidence tending to prove such facts amounts to an offer of compromise and an offer to buy peace. Nor can the exclusion of the offer, which is the subject of the second assignment, be justified. An offer by defendant at a later date to pay plaintiff's bill for repairing the

automobile savored as little of compromise of a disputed claim as did the evidence which is the subject of the first assignment of error.

The assignments of error are sustained and the judgment is reversed and a new trial awarded.