# Burns et al. *v.* Joseph Flaherty Co., Appellant.

*Negligence — Automobile — Infant — Guarantee of payment of hospital charges—Corporations—President—Res gestæ.*

1. Where a child is alleged to have been injured by an automobile owned by a corporation, a letter addressed by its president to a hospital guaranteeing charges incurred in treatment of the child, is not an acknowledgment of defendant's ownership and use of the car.

2. Such a declaration made by the president is not binding on the company, unless a part of res gestæ of the transaction.

3. The corporation will be held liable for the injury, if the evidence is sufficient to sustain a finding that the driver of the car was employed by the company and engaged in its business at the time of the accident; and this is the case whether the company owned the car or not.

4. In this case the evidence of the driver's negligence in running down the child was held sufficient for submission to the jury.

*Practice, C. P.—Trial—Evidence — Admissions — Averment of plaintiff's statement—Denial—Practice Act of May 14, 1915, P. L. 483.*

5. The paragraph of plaintiff's statement averring that the automobile which injured plaintiff was in the custody of and being driven by a servant in the employ of defendant, is admissible as admissions of defendant where defendant in answer to the paragraph merely denied that defendant was the owner of the machine.

6. Nor is such denial made effective by the averment in another paragraph that the driver was not on the business of defendant at the time of the accident.

Argued October 10, 1923. Appeals, Nos. 103 and 104, Oct. T., 1923, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1922, No. 2082, on verdict for plaintiffs, in case of Peter Burns, Jr., by his father and next friend Peter Burns, Sr., and Peter Burns et ux., in their own right, v. Joseph Flaherty Company. Before FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Reversed.

Trespass for personal injuries. Before KLINE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Peter Burns, Jr., for $5,000, and for Peter Burns, Sr., et ux., for $1,865. Defendant appealed.

*Errors assigned* were, inter alia, admission of letter of president, referred to in opinion of the Supreme Court, and refusal of judgment for defendant, n. o. v. quoting record.

*Albert G. Liddell,* with him *George H. Rankin,* for appellant.—The learned court erred in admitting in evidence the letter signed by the president of defendant company, addressed to the West Penn Hospital: Scheel v. Shaw, 252 Pa. 451.

There was no evidence from which the jury could find the automobile was operated and controlled by defendant at the time of the accident.

There was no evidence to submit to the jury from which it would be justified in finding the boy's injuries resulted from the negligence of the driver of the automobile: Sarver v. Mitchell, 35 Pa. Superior Ct. 69; Baker v. Fehr, 97 Pa. 70; Funk v. Traction Co., 175 Pa. 559; Kline v. Traction Co., 181 Pa. 276; Silberstein v. Showell, Fryer & Co., 267 Pa. 298; Leslie v. Cantanzaro, 272 Pa. 419; Flanigan v. McLean, 267 Pa. 553; Phillips v. Ry., 190 Pa. 222; McKee v. Traction Co., 211 Pa. 47; McMillen v. Strathmann, 264 Pa. 13; Stahl v. Sollenberger, 246 Pa. 525; Wagner v. Traction Co., 212 Pa. 132; Eastburn v. Express Co., 225 Pa. 33.

*Robbin B. Wolf,* of *McCreery & Wolf,* with him *W. I. King,* for appellees.—Examination of the letter itself shows that charity was not involved. The letter was signed by president of appellant as and for the act of appellant. This act was for the purpose of the company, otherwise his act was ultra vires.

OPINION BY MR. JUSTICE FRAZER, January 7, 1924:

One of the plaintiffs, a child of six years of age, was run down and injured by an automobile operated by an employee of defendant. At the trial defendant offered no evidence and requested binding instructions, alleging absence of proof that the automobile was, at the time of the accident, operated by or under the control of defendant's employee and on business connected with such employment; also that no negligence on the part of the driver was shown. The trial judge left the case to the jury and, on verdict for plaintiff and judgment thereon, defendant appealed.

The injured child having been taken to a hospital, his father, a week after the accident, called at the office of defendant and complained of having difficulty in being admitted to the hospital to see the boy, whereupon the president of defendant company gave the father a letter addressed to the hospital authorities, stating: "We hereby guarantee the payment of any charges incurred in the treatment and care of Peter Burns, a small boy who is now a patient in your hospital." This letter was offered and admitted in evidence on the theory of being an acknowledgment of defendant's ownership and use of the car. Its admission for the purpose stated was error. We find nothing in the letter indicating a confession of responsibility for the accident. At most it merely shows a desire to assist the injured boy and his parents by defraying hospital expenses. Such acts cannot be made the basis of a legal liability for injury: Scheel v. Shaw, 252 Pa. 451, 456. Furthermore, the president of the company was without authority to concede on its behalf the cause

of the accident and responsibility for its happening; such admissions cannot be held .to be binding on the company unless a part of the res gestæ of the transaction: Lombard St. Ry. v. Christian, 124 Pa. 114; Giberson v. Patterson Mills Co., 174 Pa. 369; Matteson v. N. Y. C. & H. R. Ry., 218 Pa. 527.

It is also contended the evidence was insufficient to show the driver of the car was engaged in the business of defendant at the time of the accident. There is evidence that the witness, Morso, visited defendant's place of business for the purpose of purchasing a carload of grapes. Being dissatisfied with those offered him, an employee of the company was directed to drive him, in a car belonging to its vice-president, to a distant freight yard in the city where defendant had an additional supply of the fruit. After an inspection of the stock at the latter place, Morso expressed an intention to purchase a portion of those examined and, for the purpose of having corrected an error in weight, he and the employee returned to defendant's place of business "to see some of the bosses." While on the return trip the accident occurred. This evidence is ample to sustain a finding that the driver of the car was employed by defendant and engaged in defendant's business at the time of the accident.

Complaint is made of the action of the trial judge in admitting in evidence a portion of paragraph three of the statement of claim, averring the automobile which injured plaintiff was "in the custody of and being driven by a servant in the employ of defendant." This averment was not denied in the affidavit of defense which merely stated defendant was not the owner of the machine. If the driver was at the time an employee of defendant and engaged in duties connected with his employment, it is immaterial, so far as this action is concerned, who owned the car. The ruling, consequently, was not error. Although the second paragraph of the affidavit avers the car was not "owned, leased, hired or

otherwise used" by defendant, this language is not a specific denial that the car was in the custody of and being operated by defendant's employee. Neither is such denial made effective by the averment in paragraph four that the driver was not on the business of defendant at the time of the accident.

The negligence of the driver was for the jury. It appears the boy started to cross the street stopping when the driver of the machine sounded his horn and slowed down. The speed of the car was then increased, the boy at the same time starting and continuing to cross ahead of the car. In endeavoring to avoid a collision the driver ran the car upon the sidewalk and into the side of the building. Under these circumstances it necessarily became a question for the jury to say whether, in view of the situation of the child, the car was operated under such control as the circumstances demanded. The driver was bound to anticipate the child might do just what he did (Silberstein v. Showell, Fryer & Co., 267 Pa. 298), and the fact that the car ran across the sidewalk and collided with the building fronting on the street before being brought to a stop, indicates a failure to operate it under such control as the situation required.

The third assignment of error is immaterial.

The judgment is reversed and a new trial granted.