## Toolan v. Gross et al.

*Practice, C. P.—Affidavit of defence—Statutory demurrer—Verification—Negligence—Averments.*

1. Where suit is brought against two defendants in an action of trespass, it is not necessary to allege specifically how they were associated in business, whether as partners or otherwise. If defendants were engaged in a joint enterprise, either party is bound by the negligent acts of the other in the line of business.

2. Where it is alleged that one of the defendants was negligent in hiring tender and immature boys to return a horse and wagon to a livery stable, which horse got beyond the control of the boys, ran away and collided with plaintiff, the question is not whether the boys were negligent, but whether the defendants were negligent in the hiring of the boys.

3. A statutory demurrer must be verified by affidavit.

Statutory demurrer. C. P. Lehigh Co., Jan. T., 1925, No. 94.

*Lewis & Yost*, for plaintiff; *Rockmaker & Nieman*, for defendants.

RENO, P. J., March 2, 1925.—The plaintiff alleges that defendants "associated themselves together for the purpose of engaging in some phase of the shoe business," and on the date of the accident were engaged in hauling shoes; that in the afternoon of that day one of defendants hired some tender and immature boys to return the horse and wagon to a livery stable; that the horses became beyond the control of the boys, ran away and collided with plaintiff upon the sidewalk where she was walking, inflicting the injuries of which she complains. The negligence charged is the lack of care in employing youths for the task of driving a team of horses.

One of the defendants challenges the sufficiency of the statement by a statutory demurrer, which assigns seventeen reasons, only a few of which deserve attention.

His first complaint is that the statement fails to allege specifically how defendants were associated in business, whether as partners or otherwise. The answer is obvious, plaintiff is not obliged to show the exact legal relation subsisting between defendants. She has instituted a joint action; it will be sufficient for her to show that defendants were engaged in a joint enterprise, whereby one of them was authorized to act for the other: 33 Corpus Juris, 873, § 102; 29 Cyc., 487, § 5; Baker *v.* Hagey, 177 Pa. 128. Naturally, she is not obliged to plead more than she need prove.

His next complaint is that the statement does not disclose that he personally knew that the other defendant had hired a team from a livery stable. Obviously, this can make no difference. If defendants were engaged in a joint enterprise which involved the hauling of shoes, and one was authorized to attend to that detail, the other is bound by any of his acts negligently performed: *Cf.* Burns *v.* Flaherty, 278 Pa. 579.

The only remaining complaint which we shall notice is that plaintiff fails to allege that the runaway was due to the negligent acts of the boys. This indicates that defendants mistake plaintiff's cause of action. If he is to be held at all, it is for the hiring of the boys, who "were of such tender years that defendants should have anticipated the occurrence." Whether the boys were negligent is beside the point. Defendants are sued for their own or imputed negligence, not for that of the boys.

This case might well have been adjudicated upon the ground that the statutory demurrer was not verified by oath: *Cf.* Herman *v.* Cohen, No. 121, January Term, 1925, decided Feb. 24, 1925, by Judge Iobst.

Now, March 2, 1925, the statutory demurrer is overruled.

From Calvin E. Arner, Allentown, Pa.