Collichio et ux. *v.* Williams, Appellant.

554

Argued May 1, 1933. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. A. Welsh,* with him *J. L. Pipa, Jr.,* for appellant.

*Fred B. Moser,* for appellee, was not heard.

PER CURIAM, May 26, 1933:

Defendant appeals from the refusal of the court below
to award judgment n. o. v. in an action of trespass to
recover for damages sustained by plaintiffs in an auto-
mobile collision. The accident occurred in the Borough
of Kulpmont, Northumberland County, about seven
o'clock in the evening, November 22, 1930, at the corner
of Chestnut and Fourteenth Streets. The injured plain-
tiff was traveling east on Chestnut Street, a main thor-
oughfare in the borough, and was riding in an automo-
bile owned by her husband and driven by plaintiffs'
servant or employee. Defendant's car was moving in a
westwardly direction on Chestnut Street, and the crash
occurred when defendant attempted to make a left turn
into Fourteenth Street without warning or indicating to
other traffic his intention to do so. The latter street,

which leads to the southerly part of the borough, begins at Chestnut Street, making at that point what is known as a "T" intersection.

Appellant claims plaintiffs' driver was guilty of contributory negligence in attempting to pass the crossing (which was governed by a traffic light) at a speed greater than ten miles an hour in violation of the Vehicle Code of 1929, P. L. 905, article X, section 1002. Assuming plaintiffs' car was traveling as fast as indicated by the testimony, nevertheless we have frequently said a speed in excess of that permitted by statute will not convict the driver of negligence, unless it is shown that the speed was the proximate cause of the accident, which does not appear here. See Stubbs v. Edwards, 260 Pa. 75; Lane v. Mullen, 285 Pa. 161; Dolan v. Burke, 89 Pa. Superior Ct. 295. Examination of the testimony discloses convincing evidence that the proximate cause of the accident was the improper operating of defendant's car in a "zig-zagging in and out" manner, and the attempt of defendant, without warning, to make a left turn into Fourteenth Street in front of plaintiff's car, which at the time had almost cleared the junction of the two streets.

The remaining assignments of error pertain to questions of fact which were properly left to the jury and resolved in favor of plaintiff.

All assignments of error are overruled and the judgment of the court below is affirmed.