Salvitti et ux. *v.* Throppe, Appellant.

Argued November 28, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*J. Roy Dickie,* with him *H. A. Robinson,* of *Dickie, Robinson & McCamey,* for appellant.

*George I. Bloom,* of *Bloom & Bloom,* for appellees.

OPINION BY MR. JUSTICE STERN, January 5, 1942:

Joseph Salvitti, plaintiff, was operating an automobile in which his wife, co-plaintiff, was a passenger. The road was sixteen to eighteen feet wide with but one lane for traffic in each direction. At a point where the highway made a slight curve to the left and began an up-

grade Salvitti started to pass a truck traveling in the same direction on the right-hand side of the road and operated by defendant's agent. He blew his horn before proceeding to pass, but when the front of his car was to the left of and about ten feet ahead of the rear of the truck the latter suddenly swerved to the left, blocking him off and compelling him, in order to avoid a collision, to turn likewise sharply to the left, with the result that his car skidded off the road into a tree, causing injuries to himself and wife. The operator of the truck admitted that he heard the horn but denied he cut over to the left; on the contrary, he testified that he turned to the right, brought his truck to a stop, and did nothing to cause the accident. The jury found a verdict for plaintiffs.

Defendant's appeal rests upon the alleged fact that Salvitti, when he started to pass the truck, did not have the unobstructed view along the highway required by section 24 of the Act of June 27, 1939, P. L. 1135. That section provides that "The driver of a vehicle shall not overtake or pass another vehicle proceeding in the same direction, when approaching the crest of a grade, nor upon a curve in the highway, where the driver's view along the highway is obstructed within a distance of five hundred (500) feet ahead, except, on a highway having two (2) or more lanes for movement of traffic in one direction, the driver of a vehicle may overtake or pass another vehicle." The learned trial judge told the jury that this provision was not applicable to the facts of the case, an instruction which was correct because, even if Salvitti did not have the prescribed view ahead, and even though such violation of the statute was a negligent act, it had no causal relation to the accident and therefore did not constitute *contributory* negligence. The statutory provision was obviously aimed to prevent a head-on collision between the passing vehicle and one coming in the opposite direction, and the trial judge stated that if there had been a collision of that nature he would have

held Salvitti guilty of contributory negligence as a matter of law. Since, however, the accident was not a result of the hazard contemplated by the statute, the violation of the latter was an irrelevant factor, the happening of the accident not being affected in any manner by the distance Salvitti could see ahead while passing the truck. "A plaintiff who has violated a legislative enactment designed to prevent a certain type of dangerous situation is barred from recovery for a harm caused by a violation of the statute if, but only if, the harm was sustained by reason of a situation of that type": Restatement of the Law of Torts, section 469. The principle thus enunciated is the law in Pennsylvania, as illustrated in many cases, among which may be cited *Mohney v. Cook*, 26 Pa. 342; *Berry v. Borough of Sugar Notch*, 191 Pa. 345, 43 A. 240; *Scorsoni v. Pittsburgh Provision & Packing Co.*, 272 Pa. 253, 116 A. 154; *Clamper v. Philadelphia*, 279 Pa. 385, 124 A. 132; *Lane v. Mullen*, 285 Pa. 161, 131 A. 718; *Collichio v. Williams*, 311 Pa. 553, 166 A. 857; *Purol, Inc., v. Great Eastern System, Inc.*, 130 Pa. Superior Ct. 341, 197 A. 543; *Metz v. Pittsburgh Railways Co.*, 135 Pa. Superior Ct. 534, 7 A. 2d 505; *Ross v. Reigelman*, 141 Pa. Superior Ct. 293, 14 A. 2d 591. See Eldredge, Modern Tort Problems, p. 17 et seq.

Plaintiffs testified that defendant and the driver of the truck visited them, admitted that the accident was their fault, and promised that "everything would be taken care of." The acknowledgment by a party that it was he who was at fault is admissible as a declaration against interest: *Dennison v. Miner*, 17 W. N. C. 561; *Rudisill v. Cordes*, 333 Pa. 544, 5 A. 2d 217; *Liebster v. Lucas*, 82 Pa. Superior Ct. 184. Defendant, while conceding this to be the general rule, urges that in the present case the testimony should have been rejected because he was not present at the time of the accident and could have based his remark only on what his driver told him. Personal knowledge, however, is not required in the case of an admission by a party. It is said in Wigmore on

Evidence (3d ed.), volume 4, pp. 12, 13, sec. 1053: "Since a party may make a claim and file averment of pleadings without regard to personal knowledge of the facts, it would be fallacious to exact, in his contrary admissions, an element of personal knowledge which is not required for the original advancement of his claim. . . . Add to this that, in the psychology of testimony, a person's assertions regarding his own affairs have always some testimonial value regardless of the exactness of his personal observation of the data leading to his belief." *
Of course, the *weight* to be attributed by the jury to such an admission would naturally depend upon whether it was made by defendant on the basis of his own knowledge or of information imparted to him by others.

Judgment affirmed.

---

* In *Folk v. Schaeffer, Merkel & Co.*, 180 Pa. 613, 37 A. 104, cited by Wigmore, the admission was by a partner and was held to be prejudicial against the other members of the firm who were co-defendants. In *Lombard & South Street Passenger Railway Co. v. Christian*, 124 Pa. 114, 16 A. 628, relied on by defendant, the discussion was mainly concerned with the import and extent of the admission made by the president of a corporation. Both cases turned on the right of an agent—in one instance a partner, in the other the officer of a corporation—to make admissions regarding the liability of his principal: See *Treon v. Shipman & Son*, 275 Pa. 246, 248, 249, 119 A. 74; *Burns v. Joseph Flaherty Co.*, 278 Pa. 579, 581, 582, 123 A. 496, 497.