## DaCosta et al. v. Valley Forge Military Academy et al.

*High, Swartz, Flynn & Roberts*, for plaintiffs.

*Frank R. Ambler* and *J. Herbert Egan* for defendants.

KNIGHT, P. J., April 19, 1948.—On November 26, 1946, at about 5.25 p.m., an automobile operated by Edward H. DaCosta, and in which his wife, Mary Jehl DaCosta, was riding as a passenger, collided with an Army truck driven by Ernest Judd, at the intersection of Trooper Road and Egypt Road in West Norriton Township, this county. At the time of the collision an automobile operated by James Ambrose was standing on Trooper Road near the intersection. As a result of the collision Mary Jehl DaCosta was killed; her husband, Edward H. DaCosta, and James Ambrose were injured, and the automobiles of DaCosta and Ambrose were badly damaged.

These suits were brought by various plaintiffs to recover compensation for the injuries and damages sustained, and all recovered verdicts. The Valley Forge Military Academy has filed these motions for judgment non obstante veredicto and for new trials.

It is needless to state the facts in greater detail. The negligence of Ernest Judd was proved by convincing evidence; in fact he was convicted of involuntary manslaughter and sentenced to a term in prison. It is difficult to see how Mary Jehl DaCosta or James Ambrose could be found guilty of contributory negligence, and the finding of the jury that Edward H. DaCosta was not guilty of contributory negligence is well-supported by the evidence.

The real question before us is whether Ernest Judd was operating the truck as an agent of the Valley Forge Military Academy at the time of the collision, and we will only consider this aspect of the case. The truck driven by Ernest Judd was the property of the United States Government, and had been assigned by the Army for the use of the Valley Forge Military Academy. Judd at the time of the collision was an employe of the military academy.

The only parol evidence offered by plaintiffs to establish agency came from two witnesses. General Milton G. Baker, called for cross-examination, testified that he is superintendent of the military academy, and president of the corporation that owns and conducts the same. He identified the truck driven by Judd as one assigned by the Army for the use of the academy, and in the possession of the academy at the time the collision occurred. L. Preston Willbank, a police officer of West Norriton Township, testified that he had a conversation with General Baker sometime after the accident, in which, according to the witness, the general said: "That Judd was the driver of the truck and had permission to use the truck and the academy was responsible for its employe's action."

Mr. Ambler in his able brief points out that this statement was not sufficient to warrant the submission of the case to the jury on the question of agency for the following reasons, all of which we believe to be

valid: that General Baker, as president of the corporation and superintendent of the military academy, had no implied authority to make extrajudicial admissions of liability on behalf of the corporation, citing: Burns et al. v. Flaherty Co., 278 Pa. 579 (1924); Giberson v. Patterson Mills, 174 Pa. 369 (1896); Matteson v. N. Y. Central & Hudson River R. R. Co., 218 Pa. 527 (1907). The statement of General Baker does not constitute an admission of agency; that Judd was the driver of the truck is conceded but that fact alone would not prove agency; that Judd had general permission to use the truck falls far short of proof that at the time of the collision he was operating the vehicle upon his employer's business.

The statement that the academy was responsible for its employe's actions is a conclusion of law and not a correct conclusion at that, for the academy would not be responsible unless its employe was acting within the scope of his employment, citing: Milton v. Hayes, (Tex.) 153 S. W. (2d) 212 (1941); Burns v. Flaherty, supra; Ludberg v. Barghoorn, 73 Wash. 476, 131 Pac. 1165 (1913). We have examined all of the above-cited cases and find they sustain defendant's contention on the question of agency.

Mr. Roberts, counsel for plaintiffs, in his equally able brief, does not attempt to justify the submission of the question of agency to the jury on the alleged admission of General Baker. Instead he invokes another rule of law, namely, that the admitted possession by the military academy of the truck driven by Judd raises a presumption that Judd was within the scope of his employment at the time when the collision occurred.

The proposition was not raised or considered at the trial, but if the case was properly left to the jury by the trial judge his reasons for so doing are immaterial. The vehicle driven by Judd was a 10-wheel

truck on which were painted serial numbers, but no name or other identifying marks. In the syllabus of Marach v. Kooistra et al., 329 Pa. 324 (1938), it is said:

"Where a motor vehicle involved in an accident is a commercial vehicle, as distinguished from a non-commercial one, in the absence of other evidence it will be presumed that it was being operated at the time on its owner's business. Such presumption is not affected by the fact that the vehicle does not display the owner's name, where it is admitted that the vehicle is one used for business by the defendant."

This statement of the law is supported by the citation of many cases in the opinion. See also Dugan v. McGara's Inc., 344 Pa. 460 (1942).

This presumption entitled plaintiffs to have their cases submitted to the jury despite the fact that defendants produced uncontradicted parol evidence to rebut the presumption: Coates v. Commercial Credit Co., 310 Pa. 330 (1933) ; Prezel et ux. v. Spencer, 99 Pa. Superior Ct. 404 (1930) ; Frew v. Barto et al., 345 Pa. 217 (1942). These cases involved the presumption arising from the use of dealers' tags but the principle is the same.

Of course where the presumption that a commercial vehicle is operated about its owner's business is rebutted by plaintiff's own contradictory evidence, it disappears, and a nonsuit will be granted: Conley v. Mervis, 324 Pa. 577 (1936) ; Felski v. Zeidman, 281 Pa. 419 (1924) ; Kunkel v. Vogt, 354 Pa. 279 (1946). This situation does not exist, however, in the present cases. The fact that the military academy was the bailee and not the owner of the truck driven by Judd does not affect the presumption arising from its use: Kimble v. Wilson, 352 Pa. 275 (1945).

Mr. Ambler in his reply brief makes two points. He cites cases to show that a party may not try a case

on one theory, and then on a motion for a new trial or on appeal base his case on a different theory. These cited cases do not apply to the question before us, for here plaintiffs have not changed the theory upon which the case was tried, namely, that Judd was an agent of the military academy at the time of the accident, but have pointed out the significance and legal effect of some of the evidence in support of their theory.

It is also contended that the term "Commercial Vehicle" as used in the rule regarding the presumption arising from its use does not include the truck driven by Judd in the present instance.

A truck is certainly a commercial motor vehicle, as an examination of The Vehicle Code and many decided cases, including those cited in this opinion, will clearly demonstrate. Nor does the fact that it was used by an educational institution in any way change its character or designation as a commercial vehicle. It was designed, built and used to carry freight and merchandise, and this makes it a commercial vehicle.

We have arrived at the conclusion that the general possession by the Valley Forge Military Academy as bailee of the truck, involved in the accident, raised a presumption that at the time of the accident it was being operated on the business of the academy, and this presumption was sufficient to take the case to the jury.

We have also come to the conclusion that new trials should be granted.

We are of the opinion that the alleged admission of General Baker was not sufficient of itself to take the case to the jury.

As the cases must be tried over, we will not discuss the strong and uncontradicted testimony produced by defendant to rebut the presumption of agency. Suffice it to say that in our opinion the verdict on this phase of the case was so manifestly against the weight of the

evidence that the interests of justice require a new trial be granted the Valley Forge Military Academy.

And now, April 19, 1948, the motions for judgment non obstante veredicto are overruled.

The motions of the Valley Forge Military Academy for new trials are allowed, and new trials allowed the Valley Forge Military Academy.

*Opinion Sur Petition for Reargument*

KNIGHT, P. J., September 28, 1948.—Plaintiffs in these cases obtained substantial verdicts, and defendant, Valley Forge Military Academy, moved for judgment n. o. v. and for a new trial.

This court overruled the motion for judgment, but granted the motion for a new trial as to the military academy. Plaintiffs then filed a petition, on which the present rule was granted to show cause why the motions for a new trial should not be reargued. An answer was filed and the case comes before the argument court in September. As is usual in cases like this, the argument on the rule became an argument on the original motions.

The negligence of defendant Judd is admitted, and the real question raised by the motions for a new trial, related to the agency of Judd as an employe of the military academy at the time of the accident.

The truck involved in the accident was one possessed by the military academy as bailee. It was a commercial vehicle, and this fact alone raised a presumption that it was being used at the time of the accident for the business of the military academy.

The argument of counsel for plaintiffs, as we understand it, is that the presumption required that the case be submitted to the jury, which it did, and that a verdict for plaintiffs, based on the presumption, must be sustained, no matter how much counter evidence might be produced.

In other words, the presumption of agency is conclusive, and cannot be rebutted.

This certainly is not the law. Plaintiff may have the right to have his case submitted to a jury whether on a presumption or on evidence, but it does not necessarily follow that plaintiff is entitled to a verdict, or a verdict in his favor must be sustained.

This court, after reviewing the record, and reading the briefs of counsel, in the exercise of its best judgment and discretion, came to the conclusion that on the question of agency, the verdict is so manifestly against the weight of the evidence, that the interests of justice demand that a new trial should be granted.

That a court has the power to set aside a verdict which in its opinion is flagrantly against the weight of the evidence, is too well settled to require the citation of authority.

And now, September 28, 1948, the rule is discharged and a reargument refused.