## Hunsberger v. Pennsylvania Railroad Co.

**336**

*George G. Parry, Jr.,* for plaintiff.

*Philip Price,* for defendant.

WEINROTT, J., April 10, 1957.—Plaintiff's action in trespass seeks the recovery of damages for personal injuries sustained while a passenger on defendant's train which was involved in an accident on November 11, 1953. The matter is now before this court on defendant's objections to certain interrogatories filed by plaintiff. These interrogatories of plaintiff fall into several categories.

The first group, consisting of interrogatories nos. 2, 3, 4, 5 and 6, seek information as to names, addresses and job classifications of witnesses. Defendant's objections to these questions are without merit. Information concerning the job classifications of the witnesses is certainly material in determining whether the individual will be likely to have information of the type which plaintiff is seeking. A request for the names and addresses of all passengers known to defendant to have been aboard defendant's train at the time of the accident is merely another means of learning the identity and whereabouts of witnesses. It is also proper to ask that the individuals who have filed claims be designated: Bradley v. Philadelphia Transportation Co., 87 D. & C. 548. This information narrows the field of witnesses who are more likely to have information concerning the accident, since they too have undertaken the burden of suit. The fact that

plaintiff seeks the names of witnesses who arrived on the scene immediately after the accident, and before the train had been removed from its then position, is only a request for a specific type of witness. The position of the train immediately after the accident may be material and pertinent to the issue of negligence.

The next classification of interrogatories are those directed to the cause of the occurrence. Interrogatories nos. 1, 7, 8, 15, as drawn, and 16 fall within this class. These interrogatories really request an expresion of an opinion as to the cause of the accident. Plaintiff argues that there is nothing in the Pennsylvania rules to support such an objection, and that the present discovery rules do not limit discovery to "facts", as did the former rules, but authorize discovery regarding "any matter". Plaintiff states that the test should not be whether, as a theoretical matter, the interrogatory calls for an expression of an opinion, but whether an answer would serve any substantial purpose. We do not deem this to be the law under our rules or even, in fact, under the Federal rules which are much more liberal in scope. One of the most commonly invoked restrictions on discovery under the Federal rules is the rule that interrogatories are improper for the reason that they call for opinions, conclusions or contentions.

It is true that there are frequently instances where, with regard to a particular interrogatory, there is difficulty in distinguishing whether the information requested is fact or opinion. This problem is well recognized and, perhaps, any doubt should be resolved toward requiring an answer. However, this court has no doubt in construing the interrogatories here involved as calling for what are solely expressions of an opinion. Certainly, such questions as to what defendant believes to be the cause of the accident go to the very heart of the jury function.

The decisions of the courts of common pleas involving the Pennsylvania Rules of Civil Procedure have resulted in the prohibition of interrogatories requesting an opinion or conclusion: Minichino v. Borough of Quakertown, 88 D. & C. 83, and cases there cited.

The original phrase included in the old discovery rules was "facts, including the existence and location of tangible things"; it has been supplanted by the single word, "matter". While it is true that the new language is broader, the definition of "matter" must conform to the general principles of evidence. For example, wholly apart from any question of admissibility in evidence, a witness should not be asked to give conclusions, opinions or argumentative statements. The purpose of discovery is to furnish relevant information to the inquirer to enable him to prepare his pleadings, to prepare and try his case. The opinions or conclusions of the particular witness under examination will not be of substantial aid to him for any of these purposes. So far as the pleadings are concerned, opinions and conclusions are to be excluded for only the material facts are to be pleaded. At trial, the court will ordinarily exclude opinions or conclusions. The court wants the jury to hear the facts: Goodrich-Amram Procedural Rules Service, vol. 4 pp. 114 to 116, sec. 4007($a$)-16.

This same section of Goodrich-Amram goes on to state that while the language of rule 4007($a$) is similar to the Federal rules, it is not identical, and that the 1954 amendments were not adopted to make the scope of discovery identical with the Federal practice. It is clear that the matter must substantially aid in the preparation of the pleadings or the trial of the case, and matters of opinion and conclusion were not within the intendment of this rule.

Interrogatories nos. 9 and 10 must be separately considered. Number 9 reads:

"Has the defendant or any officer of the defendant made any public announcement or statement as to the cause of the derailment referred to in the complaint?"

Number 10 seeks the details of the statement and the circumstances under which it was made. Defendant objects to these interrogatories because they seek an expression of opinion, that they seek privileged information and are unreasonable requests. Question no. 9, in conjunction with no. 10, seeks to determine whether defendant authorized its officer to issue a statement with respect to the cause of the accident and the details thereof. We believe that if the officer was expressly authorized by defendant to issue such a statement, plaintiff is entitled to know the content of it.

"In order to warrant the proof of admissions by an agent, one or more of the following facts must exist: It must appear that the agent was specially authorized to make them; or his powers must have been such as to constitute him the general representative of the principal, having the management of the entire business; or the admissions must have formed part of the consideration of a contract; or, if they are noncontractual they must have been part of the res gestae." See Oil City Fuel Supply Co. v. Boundy, 122 Pa. 449; Milwaukee L.M. Co. v. Pt. Marion C. Co., 294 Pa. 238.

The fact that the authorized officer did not have independent knowledge of the matter in the statement goes only to the weight to be attributed to it: Salvitti v. Throppe, 343 Pa. 642.

Interrogatories nos. 11 and 12 seek information as to the operating rules of defendant railroad and whether or not these rules were observed at the time of the derailment, while interrogatories nos. 13 and 14 ask whether or not at the time of the derailment, the train crew had clearance to proceed. We believe

that plaintiff should be entitled to learn these details and find no rule restricting his right to them.

The last classification of interrogatories are those interrogatories nos. 17, 18 and 19. These are clearly within the prohibition of Pa. R. C. P. 4011 (d), for the reason that the information requested involves directly that which would ordinarily be obtained in anticipation of litigation.

*Order*

And now, to wit, this April 10, 1957, defendant is ordered to answer plaintiff's interrogatories nos. 2, 3, 4, 5, 6, 9, 10, 11, 12, 13 and 14, and defendant's objections to plaintiff's interrogatories nos. 1, 7, 8, 15, 16, 17, 18 and 19 are sustained.