## Yeager, Appellant, *v.* Winton Motor Carriage Company.

*Automobiles—License—Act of April 19, 1905, P. L. 217.*

1. Where an automobile is owned by two partners, both of whom are licensed, and the machine carries the number of one of the licensed partners, and both partners are occupants of the machine, the operation of the machine by the partner whose license is not carried, is not a violation of the Act of April 19, 1905, P. L. 217.

2. The fact that an automobile is being operated by a non-licensed

person, will not prevent the owners of the car from recovering damages for injuries to it sustained by the negligent operation of another automobile on a public highway.

Argued Dec. 18, 1912. ·Appeal, No. 154, Oct. T., 1912, by plaintiffs, from judgment of C.· P. No. 2, Phila. Co., June T., 1909, No. 5,652, for defendant non obstante veredicto in case of Andrew J. Yeager and George S. Schock, trading as Lewistown Garage, v. Winton Motor Carriage Company.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.    Reversed.

Trespass to recover damages for injuries to an automobile. Before STAPLES, P. J., specially presiding.

At the trial it appeared that on April 21, 1909, the plaintiff's car was struck by an automobile of the defendant negligently operated by one of defendant's employees. Other facts appear by the opinion of the Superior Court.

The jury returned a verdict for plaintiffs for $743.07. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Franklin Spencer Edmonds*, with him *Howard Schell Baker*, for appellants.—The assertion, as a matter of defense, that plaintiffs were violators of the Act of April 19, 1905, P. L. 217, to the extent of being trespassers upon the public highway, imposed the burden of proving that contention upon the defendant, and that burden was not met by it: Feeley v. Melrose, 205 Mass. 329 (91 N. E. Repr.· 306); Sanders v. R. R. Co., 225 Pa. 105; Com. v. David, 15 Pa. Dist. Rep. 793; Colonial Automobile Co. v. Connolly, 37 Pa. C. C. Rep. 482.

The contention that plaintiffs were trespassers upon

the public highway is a defense which is not available to the defendant to relieve it of the consequence of its negligence: Fane v. Transit Co., 228 Pa. 471; Brown v. Lynn, 31 Pa. 510; Daltry v. Electric Light, Heat & Power Co., 208 Pa. 403; Mullen v. Wilkes-Barre Gas & Elec. Co., 229 Pa. 54.

*G. Douglas Bartlett,* for appellee.—The plaintiffs were trespassers on the highway, and it was amply proven that they were trespassers by the testimony of Yeager, they having violated the Act of April 19, 1905, P. L. 217.

OPINION BY HENDERSON, J., February 27, 1913:

The plaintiffs were partners engaged in the business of buying and selling automobiles and were riding in a car belonging to them at the time of the injury complained of. After a verdict for the plaintiffs the learned trial judge entered judgment for the defendant for the reason that Yeager, one of the plaintiffs, who was driving the car was not licensed so to do and that the plaintiffs were, therefore, trespassers on the highway and not entitled to damages for the loss occasioned by the defendant's negligence. The plaintiffs had bought a new car in which they started from Philadelphia to Lewistown where they were engaged in business. Before they had gone out of the city a heavy rainstorm induced them to return to their starting point for shelter and it was while so doing that the collision occurred. The evidence on which the conclusion of the court below was based was that of Mr. Yeager brought out on cross-examination: "Q. What license were you driving on the day you took this car to go to Lewistown? A. I do not know, but I think it was Mr. Schock's license. I do not remember exactly." When this is read in connection with another part of the testimony of the same witness that he had been running a car for four years preceding the accident as an owner and had been dealing in automobiles for six months prior thereto the inference drawn as the justification for the judgment that the

plaintiffs were on the road in violation of the act of 1905 is not at all clear to us. We understand the testimony of the witness to refer to the tags on the car at the time. If the evidence of the plaintiff is sufficiently definite to be of value it shows that his partner was licensed and that his tags were on the car, but we think it does not prove that the driver was not licensed. There is no presumption that he was acting in violation of law and the fact that he owned and had operated an automobile for several years immediately before this occurrence leads rather to the conclusion that he had a license to engage in that work. The act of assembly is not entirely clear in regard to the question whether the license granted is to the operator and the car or to the operator only. The first section clearly provides that the operator must have procured a license from the state highway department before he propels such a vehicle. The fourth section requires that the license number be posted in a conspicuous place both in back and front of the vehicle and that only one state license number shall be so carried while operated or used on any of the public streets or public highways of the state. It also provides that the license shall contain the name of the licensee and the date and number of the license "under which the said vehicle is licensed." The sixth section imposes on every "operator or user" of the machine the duty of sounding a warning at a crossing and the seventh section provides that every person so licensed shall carry with him "when using or operating such motor vehicle" his license. A penalty is provided for any violation of the act. From all of the provisions of the act we think it may be said that if the operator be licensed and the machine bears the number of a licensed co-partner who is at the time in the machine and these occupants are the owners of the car there is a compliance with the law. But if the case be as was found by the court on this point it does not follow that the defendant is relieved from responsibility for the negligence of which it was convicted by the jury. It justifies a trespass by a trespass. The

argument is that the plaintiffs were on the road in violation of a statute regulating the use of automobiles and that the defendant might therefore negligently drive its vehicle into that owned by the plaintiffs without legal responsibility. The authorities from this state cited in support of this position are all cases where the party injured was a trespasser on private property, but the principle there involved is entirely different from that controlling the relations of the plaintiffs and defendant here. This collision occurred on a public highway; it was not the property of the defendant nor had it the right of possession of any part of it except as that occupancy might be necessary in passing over it. It had the right of passage only. Moreover, the injury complained of had no relation to the fact that the operator of the plaintiffs' automobile did not have a license. It was not claimed that he was an inexperienced and incompetent person, and the evidence would have warranted the jury in finding that the defendant committed a reckless trespass in running into the plaintiffs' car. This principle is considered in Brown v. Lynn, 31 Pa. 510; Daltry v. Electric Light, Heat & Power Co., 208 Pa. 403; Mullen v. Wilkes-Barre Gas & Electric Co., 38 Pa. Superior Ct. 3, and the result of the discussion in these cases is that where the trespass of the plaintiff set up by the defendant does not affect the property rights of the latter it does not excuse the defendant's trespass. This doctrine is applicable to the case under consideration. The defendant's employee disregarding the custom which has become the law of the commonwealth that it is the duty of drivers of vehicles to keep to the right when passing others going in an opposite direction forced the plaintiffs from their proper side of the road and caused the injury complained of. Exemption from liability for such a trespass is not found in the trespass on the highway attributed to the plaintiffs. Subsequent legislation has rendered a consideration of the terms of the act important only for the purposes of the case before us. Our conclusion is that the defendant

has failed to present a defense which is good in law to overcome the verdict.

The judgment is reversed and the record remitted to the court below with direction to enter judgment on the verdict unless other cause be shown to the contrary.