## McIlhenny *v.* Baker, Appellant.

*Negligence—Automobiles—License—Evidence.*

The fact that an automobile was operated by a boy who had no license, will not prevent the owner of the car from recovering damages for injuries to it sustained by the negligent operation of another automobile on a public highway.

In an action to recover damages for injuries to an automobile alleged to have been caused by the automobile of the defendant running into that of the plaintiff from behind, a verdict and judgment for the plaintiff will be sustained where the evidence for the plaintiff, although contradicted, tended to show that there was nothing to obstruct the vision of the defendant's chauffeur prior to the accident, that he ran his car twenty or twenty-five miles an hour, that plaintiff's car when struck was only two or three feet from

the right side of a steep embankment, that the highway at the point was of ample width to enable the defendant's car to pass the plaintiff's car safely if the slightest care had been used, and that there was no obstruction to prevent this from being done.

Where the testimony offered by the plaintiff in a negligence case makes out a prima facie case by showing the existence of facts from which an inference of negligence arises, the case is necessarily for the jury, notwithstanding that the great preponderance of the testimony is with the defendant.

*Evidence—Declarations—Res gestæ—Automobiles—Negligence.*

In an action to recover damages for injuries to an automobile resulting from a collision with another automobile, a declaration of the plaintiff's chauffeur made immediately after the accident to the effect that "it could not be helped," is properly stricken out where it appears that the words were spoken immediately after the defendant's chauffeur had told the plaintiff's chauffeur that the absence of a bolt was the cause of the accident.

Argued Nov. 23, 1916. Appeal, No. 141, Oct. T., 1915, by defendants, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1912, No. 5030, on verdict for plaintiff in case of John D. McIlhenny v. Horace P. Baker and Orpheus E. Bell, Co-partners, trading as Baker-Bell Motor Co. Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages to an automobile. Before McMICHAEL, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

When Robert Morrison, defendant's chauffeur, was on the stand, he was asked this question:

Q.—Did they blame you for the accident?

A.—Not at that time. The larger of the three said it could not be helped. He said he saw where it couldn't be helped.

Whereupon, upon motion of plaintiff's counsel, the court directed that the answer to this question be strick-

en from the notes and that an exception to this ruling be noted on behalf of defendants.

Whereon the examination of the witness, upon the same matter, by defendants' counsel continued as follows:

Q.—Which one do you mean by the larger one of the three?

A.—The chauffeur.

Q.—How soon after the accident did they come up on the bank?

A.—Right away.

Q.—How soon after they came on the bank was your machine examined by the chauffeur?

A.—Right away.

Q.—And it was at that time that he made the statement that you have now testified to, that it was not your fault?

A.—Yes, sir.

Mr. Farr: I ask that that all be stricken out. My friend has gotten it in, in a question.

The Court: I do not think it is part of the res gestæ, and I do not see how it can be evidence on any other ground. I direct the jury to disregard it and strike the testimony out, and give defendants an exception.

Mr. Schick: May I have it made clear that your ruling relates only to the declaration made by the chauffeur?

The Court: The declaration made by the plaintiff's chauffeur, that it was not the fault of the defendant's chauffeur. It relates to all of that. That I do not think is evidence and I do not think it is part of the res gestæ. And I do not think that the plaintiff's chauffeur is shown to be the agent of the plaintiff for that purpose. In other words, it is not part of the res gestæ, and it is not in my opinion an admission of the plaintiff or of one who had authority to make such an admission for him." Exception (2).

Verdict and judgment for plaintiff for $350. Defendant appealed.

388 McILHENNY *v.* BAKER, Appellant.

Assignment of Errors—Opinion of the Court. [63 Pa. Superior Ct.

*Errors assigned* were (1) in refusing to enter judgment for defendant n. o. v. and (2) ruling on evidence quoting the bill of exceptions.

*Rudolph M. Schick,* for appellants.—Unless the plaintiff showed that the defendants had been guilty of recklessness or gross negligence, he could not recover: Bortner v. York Ry. Co., 22 Dist. R. 84; Yoders v. Amwell Twp.,172 Pa. 447; Gettysburg N. Bank v. Gage, 4 Pa. Superior Ct. 505; Colonial Automobile Co. v. Connolly, 37 Pa. C. C. R. 482; Duff v. Allegheny Val., Etc., R. R. Co., 91 Pa. 458.

*Chester N. Farr, Jr.,* for appellee.—The plaintiff in this case having shown a state of facts from which the inference of negligence, and gross negligence, was possible, this evidence remained until overcome by countervailing proof, and whether or not the witnesses of the defendants were entitled to belief was necessarily a question for the jury: Whitehouse v. Ry. Co., 36 Pa. Superior Ct. 581; Develin v. Beacon Light Co., 198 Pa. 583; Kane v. Philadelphia, 196 Pa. 502; Dormer v. Paving Co., 16 Pa. Superior Ct. 407; Rauch v. Smedley, 208 Pa. 175.

Before the violation of the statute by the plaintiff can be set up by the defendants as a defense to the plaintiff's action, the defendants must show that the violation of the statute was a contributing cause of the accident: Stehle v. Jaeger Auto Machine Co., 225 Pa. 348.

PER CURIAM, July 18, 1916:

The plaintiff's son, who was operating his automobile at the time of the accident, was between 13 and 14 years of age, and had not obtained a special license to operate such vehicle, which Section 4 of the Act of April 27, 1909, P. L. 265, required of persons under 18 years of age. The case was submitted to the jury on the theory that the plaintiff's son, in operating the automobile in violation of this statutory prohibition, was a trespasser on the

highway, that the plaintiff, by permitting him to operate it, was doing an unlawful thing, and (quoting from the charge) "that where a person is engaged in an unlawful thing and is injured by another, he can recover damages only where there is wanton, wilful or gross negligence." This view of the law was in accordance with the defendants' contention, and of course they are in no position to complain of the instructions thus far. The learned trial judge further charged the jury that under the evidence in the case the only ground on which the plaintiff could recover was that the defendants' chauffeur was guilty of "gross, that is, reckless, negligence." The verdict of the jury, interpreted in the light of the charge and answers to the defendants' points, implies a finding of this fact. The defendants' complaint under the first assignment of error is that there was no evidence to sustain the finding, and therefore the court should have affirmed their point for binding direction, or, failing in that, should have sustained their motion for judgment n. o. v. on the whole record.

As we view the evidence, it is not necessary to decide or discuss the question whether the burden was on the plaintiff to prove recklessness or gross negligence; it is sufficient for present purposes that there was evidence from which the jury could rationally find that fact. And it is quite clear, both upon principle and authority, that exemption from liability for such a trespass is not found in the trespass on the highway attributed to the plaintiff: Yeager v. Winton Motor Carriage Co., 53 Pa. Superior Ct. 202.

Both automobiles were running north on Stenton avenue, on which was a bridge over the tracks of a railroad. The wooden floor of the bridge was 61 feet in length and 26 feet in width. Beyond the north end of the bridge the road was on an embankment sustained on the right side by a wall from 10 to 15 feet high, and from its foot the ground sloped to the level of the railroad. The injury was caused by the plaintiff's car breaking

through the wooden guard rail, going over this embankment, turning over on the way down and landing finally at the bottom of the embankment near the railroad tracks. Walter H. Geiger, a chauffeur in the employ of the plaintiff, who sat by the side of the plaintiff's son, described the accident as follows: "We were going out Stenton avenue and we passed this car that ran into us later on, and just at the bridge I heard this car coming along, and before we got across I looked around to see what it was, and I saw this car coming at about 25 miles an hour, I should say, and I told the boy to slow down, which he did, and kept over to the right. And as I turned around again to look, the car was coming right towards us, and it hit us I should say right in the left front wheel and knocked us over the bank." He further testified that when they were struck their car was two or three feet from the right side of the embankment—about as close as it could be with safety—and was about 10 feet beyond the northern end of the bridge. The testimony of the defendants witnesses was to the effect, first, that their car did not strike the plaintiff's car at all, and could not have struck it at the place and in the manner described by Geiger because they had passed the plaintiff's car on the bridge; secondly, that owing to the loss of a bolt from the front spring of their car, its axle was loosened and its steering gear disarranged, and, in consequence, the subsequent movements of the car while on the bridge were beyond the control of the chauffeur, though he was using his utmost strength and skill to bring it under control, and therefore, if it did strike the plaintiff's car, the collision was unavoidable. If either of these views presented by the defendants' testimony be accepted, a complete defense was made out; and so the court instructed the jury. But on the other hand, if the testimony of the plaintiff's witnesses be accepted and be considered in connection with the undisputed facts, that the accident occurred in the day time; that there was nothing to obstruct the vision of the defendants' chauffeur or to pre-

vent him from apprehending the probable consequences of driving his car at the speed of 20 or 25 miles an hour into that of the plaintiff at a place so near the brink of the precipice; that the highway was of ample width to enable him to pass the plaintiff's car with safety, if any, though the slightest care was used; and that there was no obstruction in the highway to prevent him from doing so, the conclusion is irresistible that ground was laid for a rational inference by the jury that the defendants' chauffeur proceeded with that reckless disregard of a manifest duty and of the probable consequences of a breach thereof, which is implied in the term gross negligence. The evidence as to the material facts being conflicting and being susceptible of different inferences the case was for the jury upon the principle thus stated in Rauch v. Smedley, 208 Pa. 175, and many other cases, which is equally applicable where the question of gross negligence is involved: "Cases are exceptional in which the court may direct a verdict for the defendant on the strength of testimony presented by him. They never arise where there is a real controversy as to the facts, or doubt as to the inferences to be drawn from them. The remedy for the wilful or capricious disregard of testimony is the granting of a new trial. Where the testimony offered by the plaintiff makes out a prima facie case by showing the existence of facts from which an inference of negligence arises, the case is necessarily for the jury, notwithstanding that the great preponderance of the testimony is with the defendant. An inference of negligence having once arisen remains until overcome by countervailing proof, and whether it is so overcome is a question for the jury." It follows that the first assignment of error must be overruled.

The second and third assignments of error involve the question as to the admissibility of certain declarations alleged to have been made by Geiger, after he and the other occupants of the plaintiff's car had come up on the road from the foot of the embankment where they had

been thrown by the overturning of their car.   Robert Morrison, the defendants' chauffeur, testified that he then told him that the absence of the bolt "was the cause of my going crossways on the bridge," and that thereupon Geiger said "it could not be helped.   He said he saw where it could not be helped."   Having regard to all the circumstances under which it was made, this declaration was not one of those "undesigned incidents of the litigated act which is admissible when illustrative of such act" (see Coll v. Easton Transit Company, 180 Pa. 618) ; nor do the circumstances raise the presumption that it was a "spontaneous utterance of thought created by or springing out of the transaction itself."   (See Commonwealth v. Werntz, 161 Pa. 591.)   Interpreted in the light of Morrison's remarks which evidently evoked it, the declaration cannot fairly be interpreted as more than an expression of opinion based on what Morrison told him, and not on knowledge he had acquired by personal observation contemporaneously with or before the occurrence of the litigated act.   See Trexler v. B. & O. R. R. Co., 28 Pa. Superior Ct. 198.   The declaration was not offered for the purpose of impeaching the veracity of the witness by proof of contradictory statements to which his attention had been called when on the witness stand, nor did he stand in such relation to the plaintiff as to make his admission competent against the latter. The sole ground upon which the appellants rely is that the declaration was part of the res gestæ, but as already indicated the court committed no error in holding that it was not admissible on that ground.

Therefore the second and third assignments of error are overruled.   The judgment is affirmed.