# Scorsoni *v.* Pittsburgh Provision & Packing Co., Appellant.

*Negligence—Automobiles—Collision—Car driven by minor son without license.*

1. In an action to recover damages for death of plaintiff's husband in a collision between two autotrucks, where it appears that the decedent's truck was driven at the time by his son, an experienced driver under eighteen years of age without a license, the case is for the jury on the conflicting evidence as to the cause of the accident; and binding instructions for defendant on the ground that the deceased was guilty of contributory negligence in permitting his son to drive the truck, are properly refused.

2. In such case, the minority of the son had no causal relation to the accident.

Argued October 13, 1921. Appeal, No. 131, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1920, No. 1401, on verdict for plaintiff, in case of Louisa Scorsoni v. Pittsburgh Provision & Packing Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,760. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*J. Roy Dickie,* of *Wishart & Dickie,* for appellant.

*Oliver K. Eaton,* with him *W. H. Coleman,* for appellee.

PER CURIAM, January 3, 1922:

Plaintiff's husband, while riding on the Lincoln Highway near the City of Pittsburgh on a truck operated by their minor son, an employee of Jordan Brothers, was injured as a result of a collision with a truck of defendant's, and died a few hours later. The evidence as to the cause of the collision was conflicting, each driver claiming the accident was the result of negligence on the part of the other. At the conclusion of the testimony defendant asked for binding instructions in its favor, assigning, as a reason in support of the motion, that deceased himself was chargeable with negligence in riding in the truck driven by his son, a minor under the age of eighteen years, who had failed to obtain a driver's license as required by section 4, Act of April 27, 1909, P. L. 265. The court below refused the motion and submitted to the jury the question of negligence on the part of the drivers of the two trucks, as well as that of deceased, if any, for failure to take precaution to avoid the accident. A verdict was rendered for plaintiff and defendant appealed.

The verdict establishes that the collision was due to negligence on the part of defendant's driver and absolves both plaintiff's son and her husband from, in any manner, contributing to the accident, unless the act of the husband in permitting his minor son, an experienced driver but under eighteen years of age, to operate the truck, charged him with negligence. The minority of plaintiff's son had no causal relation to the accident (McIlhenny v. Baker, 63 Pa. Superior Ct. 385) and the questions of negligence and contributory negligence, hav-

ing been fairly submitted to the jury, the assignments of error are overruled and the judgment affirmed.