# Hart and Hart *v.* Altoona & Logan Valley Electric Railway Co., Appellant.

*Negligence—Contributory negligence—Automobiles—Stalling on crossing—Question for jury—Driving without license.*

In an action against an electric railway company to recover for damages done to the plaintiff's automobile, where the evidence was that the driver of the automobile stopped before attempting to cross the track, and saw no car, although she had a clear view of the track for about 1,200 feet, and that then the engine of the automobile stalled, and, before it could be moved, a car of the defendant, coming at a speed of 35 miles, or more, per hour, struck it causing the damage complained of, the court could not have correctly advised the jury that a case of contributory negligence had been made out, and the case was wholly for the jury.

It is immaterial in such an action that the wife of the owner, who was driving the automobile at the time of the accident, had no driver's license.

Argued March 16, 1922. Appeal, No. 96, Oct. T., 1921, by defendant, from judgment of C. P. Blair Co., June T., 1918, No. 112, on verdict for plaintiff, in the case of Carl E. Hart and Mary Hart v. Altoona and Logan Valley Electric Railway Company. Before OR-LADY, P. J., PORTER, HENDERSON, KELLER and LINN, JJ. Affirmed.

Trespass for damages to automobile. Before BALD-RIGE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for Carl E. Hart in the sum of $785.41, and for Mary Hart in the sum of $67.99, and judgment thereon. Defendant appealed, and subsequently elected to discontinue the appeal as to the judgment for Mary Hart.

*Errors assigned* were the charge of the court, certain rulings in evidence and refusal to enter judgment for defendant non obstante veredicto.

*Thos. H. Greevy,* for appellant.—The driver of the automobile, not having a driver's license, was a trespasser upon the highway, and cannot recover without showing more than the mere negligence of the defendant: Banneon v. P. R. R. Co., 29 Pa. Superior Ct. 231; Bortner v. York Railways Co., 22 Pa. District Rep. 84.

The plaintiff was guilty of contributory negligence: Bornscheuer v. Consolidated Traction Co., 198 Pa. 332; Sefton v. B. & O. R. R. Co., 64 Pa. Superior Ct. 218; Griffith v. P. R. T. Co., 267 Pa. 81.

*C. E Brown* and *J. F. Sullivan,* for appellee, were not heard.

OPINION BY HENDERSON, J., July 13, 1922:

The plaintiffs who are husband and wife brought this action alleging that as a consequence of the negligence of the employees of the defendant Mrs. Hart was severely injured, and an automobile of her husband was damaged in a collision of the car of the defendant with the automobile at a road crossing. Verdicts were rendered in favor of each of the plaintiffs and judgments entered thereon pursuant to the statute. A single appeal was taken and at the argument the appellant's counsel elected to prosecute the appeal from the judgment in favor of Carl E. Hart and discontinue the appeal from the judgment in favor of Mary Hart. The plaintiffs' evidence shows that Mrs. Hart and her sister, Nellie Schmittle, were riding in the automobile and started across the track of the defendant company; that the engine of the automobile "stalled" and that while in that situation a car of the defendant moving at a speed of 35 miles or more an hour struck the automobile producing the damage complained of; that the occupants of the car stopped immediately before attempting to cross the track and looked in both directions along the track, but that no car was in sight. They then started over the track with the result above stated. It appeared that they had a view of the track for about 1,200 feet in the direction from which the defendant's car was coming. Miss Schmittle testified that when she observed the approach of the street car she rose in the automobile and signalled to the motorman to stop, and her testimony in this respect is corroborated by Mrs. Hart and a passenger in the trolley car. Other evidence supported the plaintiffs' allegation that the trolley car was moving at a speed of 30 or 35 miles an hour, and that its speed was not slackened up to the time the collision occurred. Bessie Guest who was a passenger in the trolley car saw the automobile standing on the track "right after we left Ward Avenue Station" which was shown to be a distance of about 1,200 feet from the crossing. Natalie Jones a passenger on the car

saw the automobile on the track when it was "about a block away." The street car ran from 110 to 120 feet after the collision. Oscar Plummer testified that it was about 300 feet from the place where the motorman sounded the whistle to the crossing, and that hearing the whistle he ran out to the front of his lot in time to see the collision. Evidence of the motorman was to the effect that the automobile came in view when his car was about 200 or 300 feet away. When he saw that the automobile was about to cross the track the whistle was sounded. He testified that Mrs. Hart did not stop when she approached the track and that the trolley car was about 150 feet away when she got on the track with the automobile; that he first sounded the whistle about 300 or 400 feet from the crossing as a precautionary measure; that he saw the automobile, but was not sure it was going to reach the crossing, and that he did not slow down the speed because the crossing wasn't used very much. He thought the automobile was going toward Altoona. After he put on the emergency brake the car went 150 feet before striking the automobile. He denied that any signal was given to him by Miss Schmittle or Mrs. Hart to stop. The conductor did not see the car, but noticed that the brakes were put on about 200 or 250 feet away. He then looked up and saw the automobile on the track. He did not see it come on the track. The trolley car was going about 10 or 15 miles an hour at the time of the collision. Other witnesses for the defendant saw the automobile on the track when the trolley car was 100 or 150 feet from the crossing. According to the plaintiffs' evidence the trolley car was in view for 800 feet or more, after the automobile stalled, and of course the motorman had the same view of the track which Mrs. Hart and her sister had and which passengers in the trolley car had. If the driver maintained the speed shown by the plaintiffs' witnesses and relied on the occupants of the car to get out of the way after signals were given which indicated trouble with the automobile or

when it could have been observed that it was not moving, a jury might well find that the defendant was not only guilty of negligence, but that the motorman was guilty of gross negligence in failing to reduce the speed of the car in order that a possible collision might be avoided. There is abundant evidence in the testimony for the plaintiffs that the trolley car could have been stopped before reaching the crossing and that the automobile could have been seen standing on the track while the trolley car was running several hundred feet. The contradictory evidence of the defendant as to the distance, the movement of the automobile and of the trolley car, was wholly for the jury. The testimony does not present the case of one attempting to cross a railroad track immediately in front of a locomotive or moving trolley car. Under the evidence of the plaintiff there was time to have crossed the track if the engine of the automobile had not ceased to operate. The court could not have correctly advised the jury that a case of contributory negligence had been made out.

The only other question for consideration is the action of the court as set forth in the first and second assignments rejecting the offer of the defendant to show on the cross-examination of Mrs. Hart that she did not have a "driver's license." The court sustained the objection on the ground that the question was irrelevant. It is not alleged that the car was an unregistered car. The learned counsel of the appellant relies on the case of Chase v. New York C. R. Co., 208 Mass. 137, in support of his contention that the plaintiff's action could not be sustained because Mrs. Hart had no driver's license. The case cited was based on the peculiar language of the Massachusetts statute. The automobile in question was an unregistered automobile. The statute there forbade that an unregistered automobile be operated on the highways of that Commonwealth, and as it was not permitted to be on the highway, it was held to be not a subject of protection except against wanton conduct or gross negli-

gence. In the present case there was no prohibition that this car be on the highway. If the plaintiff's wife violated the Act of 1913 which was in effect at the time of the accident, appropriate penalties are provided, but the facts and our statute clearly show that the Massachusetts authority is not applicable. Yeager v. Winton M. C. Co., 53 Pa. Superior Ct. 206, more nearly resembles this case and is against the defendant's position. If the doctrine of the plaintiff were conceded, the evidence would permit a finding against the defendant of such recklessness as would create liability even in the case of a trespasser. It is our duty to hold, therefore, that the assignments are not sustained.

The judgment is affirmed