# Dolan, Appellant, *v.* Burke.

*Trespass—Intoxicating liquors—Illegal purchase—Liquor containing poison—Personal injuries—Action for damages.*

An action of trespass will lie, and a recovery will be sustained, for damages resulting from the drinking of poisonous liquors purporting to be harmless beverages. And this is so even where the beverage was a prohibited illegal alcoholic drink where the poison which caused the injuries were ingredients other than alcohol.

In the existing state of federal and state legislation if a man illegally purchases intoxicating liquor and is injured in consequence of drinking it, by reason of its alcoholic content, he himself has no right of action against the person who likewise violated the law by selling it.

The law will not lend its process to enforce the forbidden act or to adjust the relations flowing immediately from it.

But where it appears that the plaintiff's injuries were not the result of the prohibited alcohol contained in the liquor sold him by the defendant but of creosote and other poisons not proper ingredients of whiskey—which defendant purported to sell him—and rendering it unfit for drinking purposes, a recovery will be allowed.

It has long been the rule in Pennsylvania that the mere fact that the plaintiff was himself violating the law in a given particular at the time of the occurrence complained of, will not bar his right of action against the defendant unless such violation of law was an efficient cause of the injury.

For any damage naturally resulting from, or caused by, the alcoholic liquors whose purchase or sale for beverage purposes is

forbidden by law, a violator of the law can have no remedy by action against his fellow violator; but even one who violates the law by purchasing such liquors is not thereby divested of all his legal rights or subjected to being poisoned without recourse against the poisoner. The injuries for which he can have no legal redress are those naturally resulting from his violation of law and of which such violation was the efficient cause. They do not include those resulting from the unintentional drinking of poison, furnished either knowingly or negligently by one purporting to sell him a drink fit for beverage purposes, and harmful only because of its alcoholic content.

Argued October 13, 1926.   Appeal No. 150, October T., 1926, by plaintiff, from judgment of C. P. No. 1, Philadelphia County, June T., 1924, No. 12144, in the case of Frank Dolan v. Patrick J. Burke.   Before, PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Reversed.

Trespass to recover for personal injuries.   Before, McDEVITT, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1000.   Subsequently, upon motion, the court entered judgment in favor of the defendant n.o.v.   Plaintiff appealed.

*Error assigned,* was the entering of judgment n. o. v. by the court.

*Samuel Moyerman,* for appellant.—The illegal act of the plaintiff must be the proximate cause of the injury to bar recovery: Littell v. Young, 5 Pa. Superior Ct. 205; Williams v. D'Amico, 78 Pa. Superior Ct. 575; Scorsoni v. Pittsburgh Provision Co., 272 Pa. 253; Hart v. Railway Co., 79 Pa. Superior Ct. 180; McIllhenny v. Baker, 63 Pa. Superior Ct. 385; Yeager v. Motor Co., 53 Pa. Superior Ct. 202.

*I. A. Quinn* of *Green & Quinn,* for appellee.

OPINION BY KELLER, J., December 15, 1926:

We agree with the learned court below that in the existing state of federal and state legislation if a man illegally purchases intoxicating liquor and is injured in consequence of drinking it, by reason of its alcoholic content, he himself has no right of action against the person who likewise violated the law by selling it. Under the Volstead Act (Act of Congress of October 28, 1919, c. 85), it is unlawful to purchase—no less than manufacture or sell—intoxicating liquors, without a permit from the Commissioner of Internal Revenue, and this must now be remembered in construing our own Act of May 8, 1854, P. L. 663; for when the case of Littell v. Young, 5 Pa. Superior Ct. 205, was decided, holding that a saloon keeper was liable to a person of known intemperate habits, or to an intoxicated person, for damages from exposure, etc., resulting from the sale of liquor to him, the purchaser of the liquor committed no criminal act; the seller alone was guilty of a misdemeanor. See Fink v. Garman, 40 Pa. 95. The law will not lend its process to enforce the forbidden act or to adjust the relations flowing immediately from it: Rosenthal v. Ostrow, 287 Pa. 87.

But that is not this case. Construing the facts most favorably to the plaintiff, as we are required to do, following the verdict in his favor, it is found that the plaintiff's injuries were not the result of the prohibited alcohol contained in the liquor sold him by the defendant but of creosote and other poisons not proper ingredients of whiskey—which defendant purported to sell him—and rendering it unfit for drinking purposes. It has long been the rule in this State that the mere fact that the plaintiff was himself violating the law in a given particular at the time of the occurrence complained of, will not bar his right of action against the defendant unless such violation of law was an efficient

cause of the injury. Thus in Mohney v. Cook, 26 Pa. 342, it was held that a party who erects an obstruction in a navigable stream and thereby occasions injury to another, cannot in an action for such injury, set up as a defense that the plaintiff was unlawfully engaged in worldly employment on Sunday, when the injury occurred. See, to the same effect: Carroll v. Staten Island R. R. Co., 58 N. Y. 126; Woodman v. Hubbard, 25 N. H. 67; Morton v. Gloster, 46 Me. 520; Hall v. Corcoran, 107 Mass. 251; Sutton v. Wauwatosa, 29 Wis. 21; P. W. & B. R. R. Co., v. Steam Towboat Co., 23 Howard (U. S.) 209. A similar ruling, that violation of a statute does not defeat the right to recover damages for injuries, unless it be the efficient cause of the injury, has been made by this court and the Supreme Court in cases involving violations of the motor vehicle laws: Williams v. D'Amico, 78 Pa. Superior Ct. 575; McIlhenny v. Baker, 63 Pa. Superior Ct. 385; Hart v. Altoona & Logan Valley Elec. Ry. Co., 79 Pa. Superior Ct. 180; Yeager v. Winton Motor Carriage Co., 53 Pa. Superior Ct. 202; Scorsoni v. Pittsburgh P. & P. Co., 272 Pa. 253; Lane v. Mullen, 285 Pa. 161; Stubbs v. Edwards, 260 Pa. 75; and violations of borough or city ordinances: Berry v. Borough of Sugar Notch, 191 Pa. 345. The rule is general in other jurisdictions: Counter v. Couch, 8 Allen( Mass.) 436; Kidder v. Dunstable, 11 Gray (Mass.) 342; Damon v. Scituate, 119 Mass. 66; Steele. v. Burkhardt, 104 Mass. 63; Norris v. Litchfield, 35 N. H. 271; Gale v. Lisbon, 52 N. H. 174.

The purpose of the Volstead Act was to enforce the Eighteenth Amendment of the Federal Constitution, prohibiting the manufacture, sale or transportation of intoxicating liquors. It is not concerned with poisonous adulterants. For any damage naturally resulting from, or caused by, the alcoholic liquors whose purchase or sale for beverage purposes is forbidden

by law, a violator of the law can have no remedy by action against his fellow violator; but even one who violates the law by purchasing such liquors is not thereby divested of all his legal rights or subjected to being poisoned without recourse against the poisoner. The injuries for which he can have no legal redress are those naturally resulting from his violation of law and of which such violation was the efficient cause; in this instance, from the purchase of whiskey, forbidden by the federal prohibition enforcement act. They do not include those resulting from the unintentional drinking of poison furnished either knowingly or negligently by one purporting to sell him a drink fit for beverage purposes and harmful only because of its alcoholic content.

The jury in this case passed upon all the disputed questions of fact, including the dereliction of the defendant, the harmful effects of the poisonous ingredients on the plaintiff, and the latter's contributory negligence, and decided them in favor of the plaintiff.

With this state of fact before us we are of opinion, for the reasons given above, that the court below erred in entering judgment for the defendant non obstante veredicto.

The assignment of error is sustained. The judgment is reversed and the record remitted to the court below with directions to enter judgment for the plaintiff on the verdict.