## Dunie v. Penn Highway Transit Company.

*George T. Hambright* and *John E. Malone*, for plaintiff and rule.

*Charles W. Eaby*, for defendant.

GROFF, J., July 7, 1928.—This is an action in trespass brought by James J. Dunie *v.* Penn Highway Transit Company to recover damages for having, on Nov. 25, 1925, through its agent, turned one of its cars to the left, and from behind a market wagon, directly in the path of plaintiff's approaching automobile.

The case was tried in this court on March 12, 1928. During the trial of the case, a number of witnesses testified that plaintiff himself was running his car at a high rate of speed.

Charles F. Aument testified that he, in company with eighteen other men, John Burkey being the driver, were going from Lancaster to York and had

reached a point on the Lincoln Highway west of Lancaster, between Gamber's and near Fry's lane. He says: "I was sitting in the front right opposite Mr. Burkey at the driver's side. We had come up on the level, and in front of us was a market team. I mean by that, a horse and wagon, and they were in front of us. . . . I saw this machine coming, and it was coming at a speed I would say was at least forty miles an hour. The speed which Mr. Burkey was traveling was very slow." In this, Aument was corroborated by other witnesses.

The plaintiff filed eight reasons for a new trial, and a rule to show cause was granted. He now insists on two, as follows: First, that the court failed to instruct the jury as to what acts of the plaintiff constituted contributory negligence. Second, that the court erred in instructing the jury that the plaintiff was guilty of contributory negligence in violating the legal speed limit without at the same time charging the jury that this speed must have contributed to the accident.

The court, in its charge, after defining negligence, stated: "If the plaintiff, James J. Dunie, negligently contributed in any way to the accident, then he cannot recover, that is, if Dunie did something that a man of ordinary prudence would not have done under the circumstances, or if he omitted to do something which a man of ordinary prudence would have done under the circumstances, then he cannot recover." Then the court reviewed the evidence.

Later, in its charge, the court said: "If Burkey was guilty of negligence and Dunie did not do anything which contributed or which helped to bring about the injury, this verdict should be one for the plaintiff. But if Dunie did something that he should not have done, or failed to do something he should have done that brought about the accident, then your verdict ought to be for the defendant." Then the court said: "The act of assembly says this: 'No person shall operate a motor-vehicle on a public highway of the State recklessly or at rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger property or the life or limb of any person. No person shall drive a motor-vehicle at a rate of speed exceeding one mile in two minutes.' That is thirty miles an hour. That was the law at the time this accident occurred," and then follows up by saying: "You must decide whether that act of assembly was violated on that day by one or either of these people or by both of them. If both violated it, if Dunie was driving at forty miles an hour, and the defendant, Burkey, who was driving the defendant's bus, was reckless, then you would have to find a verdict for the defendant. If Dunie was driving at a greater speed than was allowed by law, then he could not recover, even though Burkey was reckless in his driving."

To this last instruction, the court failed to add: "Provided it contributed to or was the efficient cause of the accident," and while it had appeared at the beginning of the charge that whatever Dunie did had contributed to the accident, we feel now that the instructions were not as specific as they should have been, and that the jury may have been misled by the last above-quoted instruction into finding a verdict that they would not have found if the instruction had been full and adequate, namely, that Dunie's fast driving had contributed to bringing about in some way the accident.

The Supreme Court, in Lane v. E. A. Mullen, Inc., 285 Pa. 161, said: "The violation of a statute will not create a liability where it is not the efficient cause of the injury."

A driver of an automobile cannot be convicted of contributory negligence as a matter of law, provided by the Act of June 14, 1923, § 20, P. L. 718, where

it appears that absence of the lights was not the proximate cause of the collision, but that the accident was due to a cause which the lights, even if they had been in compliance with the act, would not have disclosed, and the court, in its opinion, at page 164, says: "The general principle is that the violation of a statute will not create a liability where it is not the efficient cause of the injury," and then cites 1 Thompson on Negligence, § 82, and a number of other cases.

Judge Keller, in an opinion filed in Dolan v. Burke, 89 Pa. Superior Ct. 295, says, in the opinion, at page 298: "A similar ruling, that violation of a statute does not defeat the right to recover damages for injuries, unless it be the efficient cause of the injury, has been made by this court and the Supreme Court in cases involving violations of the motor-vehicle laws."

We, therefore, conclude that the court's instructions were misleading to the jury, and that a new trial should be granted, and we make the rule granted in this case absolute.

Rule absolute.