## Sensenig v. Kauffman.

Charles W. Eaby, for plaintiff; B. C. Atlee, for defendant.

LANDIS, P. J., Jan. 18, 1930.—It is admitted that, about 11 o'clock on the evening of April 1, 1928, the plaintiff parked his Ford car on the west side of North Queen Street, in the City of Lancaster. It was parked in front of No. 440 North Queen Street, the place where he was then boarding, against the curb. He turned off his lights and intended that it should remain there all night. About 1.30 o'clock A. M., of the next morning, the defendant turned his car from James Street, which runs east and west immediately north of this place, to the left, and drove southwardly down North Queen Street. In

passing the place where Sensenig's car was parked, he struck it and knocked it some distance—about twenty-five or thirty feet—over on the pavement. There was an arc light at the armory, about 138 feet from where the car was parked. It was testified by some of the witnesses that Kauffman was intoxicated at the time.

The sole question to be determined is whether, under this state of facts, the plaintiff can recover. It is urged that Sensenig had no right to park his car on the public street without lights, and that he, therefore, could not recover. We think this proposition is too broad. The court charged the jury: "It is true that no one at this place (there being no municipal regulations here) has a right to park his automobile at night on the public highway without his lights turned on, and if he does so and this brings about or contributes to an accident, he cannot recover damages, and the verdict under such circumstances should be in favor of the defendant. If, however, the absence of lights had nothing to do with the accident; if a defendant, when he did or could see, recklessly and carelessly comes down a public street and strikes a parked car, even if its lights are off, and, without concurrent negligence on the part of the owner of the parked car, injures it, a jury can find in favor of the owner of that car, if a plaintiff, and render a verdict in his favor." I conceive this to have been a fair statement of the law, and in this way all the facts were fairly submitted to the jury. In these days, when so many cars in every city and hamlet are parked along the highways, a person who wantonly and recklessly runs into such a car ought not to escape all liability and responsibility because an owner so parks his car and the accident is not caused by his so doing.

This question has, however, been conclusively settled by both the Supreme and the Superior Courts. In Lane v. Mullen, 285 Pa. 161, the very point raised in this case was at issue. The plaintiff was driving his automobile on Girard Avenue, in Philadelphia, on a dark night with headlights which carried but twenty-eight to thirty feet ahead of the car, owing to the fact that he had dimmers on. It was claimed on the part of the defendant that the statutory mandate was that a motorist on an unlighted highway must display lights furnishing a sufficient illumination to render clearly discernible any substantial object 200 feet directly ahead. A large steam shovel was parked on the street for the night, and when it loomed before the plaintiff he did not stop, but he swerved to the left, and while he cleared the main body of the steam shovel, he struck a coal box which projected from its left side. The court held that "the violation of a statute will not create a liability where it is not the efficient cause of the injury." In Dolan v. Burke, 89 Pa. Superior Ct. 295, it was said: "A similar ruling that violation of a statute does not defeat the right to recover damages for injuries, unless it be the efficient cause of the injury, has been made by this court and the Supreme Court in cases involving violations of the motor vehicle laws: Williams v. D'Amico, 78 Pa. Superior Ct. 575; McIlhenny v. Baker, 63 Pa. Superior Ct. 385; Hart v. Altoona & Logan Valley Elec. Ry. Co., 79 Pa. Superior Ct. 180; Yeager v. Winton Motor Carriage Co., 53 Pa. Superior Ct. 202; Scorsoni v. Pittsburgh P. & P. Co., 272 Pa. 253." Many other cases to the same effect might be added.

We are, therefore, satisfied that this case was properly submitted to the jury. The motion for judgment non obstante veredicto is accordingly overruled and the rule for a new trial is discharged.

Motion overruled. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.