## Gardener et al. v. Yackanicz.

*Conrad A. Falvello* and *C. A. Rogan*, for plaintiffs.

*James M. Breslin* and *Andrew J. Hourigan*, for defendant.

THOMAS, P. J., May 31, 1930.—The plaintiff, Enrica Gardener, in her own right and as next friend of Adeline, Angelo, Arthur and Virginia Gardener, her minor children, brought an action of trespass against the defendant in the above court on July 31, 1929.

From the plaintiffs' statement of claim the following facts appear:

That Enrica Gardener is the wife of Sylvester Gardener and resides with him and the above named minor children;

That on July 31, 1927, the defendant sold and delivered to the said husband, Sylvester Gardener, a pint of intoxicating liquor, viz., whiskey, for beverage purposes, containing more than one-half of 1 per cent. of alcohol by volume; that the whiskey so sold was in fact an adulterated, poisonous, deleterious and dangerous concoction; that on the day of the purchase the said husband drank a small quantity of said liquor and as a consequence he became

intoxicated and was rendered permanently disabled, both mentally and physically, to wit, he has an impairment of speech, his sight is defective, he has intermittent periods of insanity and mental aberration, he is nervous, irritable, absent-minded and subject to dizziness;

That by reason of such aberration and dizziness he sustained an accident at his work on April 19, 1928;

That the plaintiffs were entirely dependent for their support upon the wage earnings of the said husband and father, and that previous to July 31, 1927, he was in good health mentally and physically, a steady worker and liberal provider and maintained and supported his family, and that as a result of drinking said liquor he is unable to perform work of any kind and the family is denied means of support. Damages for such are, therefore, claimed.

The defendant filed an affidavit of defense raising questions of law to the effect that the plaintiffs' statement shows no cause of action.

One of the plaintiffs' contentions is that section 3 of the Act of May 8, 1854, P. L. 663, of the State of Pennsylvania, which reads as follows, "Any person furnishing intoxicating drinks to any other person in violation of any existing law, or of the provisions of this act, shall be held civilly responsible for any injury to person or property in consequence of such furnishing, and any one aggrieved may recover full damages against such person so furnishing by action on the case, instituted in any court having jurisdiction of such form of action in this Commonwealth" gives to them a right of action.

This contention has been answered in the case of Bradford v. Boley, 167 Pa. 506, wherein it is held that the wife may, by virtue of the provisions of the said act, maintain a suit against the defendant for an injury to her person or property in consequence of his unlawful neglect, but it does not expressly or by necessary implication give her an action for an injury to the person or property of her husband. Is her interest in his earning power "property" within the meaning of the statute? Does it give her an action for an injury to him which for a time impairs or prevents the exercise of this power? These questions are in said case answered in the negative.

"That the legislature may give her an action for an injury which impairs his earning power and thereby partially deprives her of the support he should afford her, is not denied, but that it has done or intended to do so in the statute we are considering is not apparent."

"It may be affirmed as a general proposition that the right of action for an injury to person or property is in the party whose person or property is injured, and that the statute which gives to another person an action for the consequences of such injury must do so in plain terms or by necessary implication. It is a strained and unjustifiable construction of the act in question which allows a wife in the lifetime of her husband to maintain a suit for an injury to his person which diminishes his capacity for labor:" Bradford v. Boley, supra.

The plaintiffs further contend that section 20, title II, of the National Prohibition Act gives them a right of action. This section reads as follows: "Any person who shall be injured in . . . means of support . . . by the reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawfully selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication, and in any such action such person shall have a right to recover actual and exemplary damages. . . ."

This court has jurisdiction in an action for damages under said section: Smithers v. Brunkhorst, 190 N. W. 349.

In the statement of claim there appear two causes of action; one cause arises from the unintentional drinking of poison by the husband, furnished either knowingly or negligently by the defendant, purporting to sell him liquor fit for beverage purposes and harmful only because of its alcoholic content. Can the wife and minor children by a separate action recover the means of support under such facts?

The word "liquor" is defined in section 4, chapter 1, of the National Prohibition Act as follows:

"The word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whiskey, rum, gin, beer, ale, porter and wine, and in addition thereto, any spirituous, vinous, malt or fermented liquor, liquids and compounds, whether medicated, proprietary, patented, or not, and by whatever name called, containing one-half of 1 per centum or more of alcohol by volume which are fit for use for beverage purposes."

If the liquor sold by the defendant to the plaintiff was not "fit for beverage purposes," it was not such liquor or intoxicating liquor, the sale of which is prohibited by the National Prohibition Act, and the plaintiffs could not have a remedy under said section 20 of said act. The sale not being illegal, damages can be recovered only by the husband for common-law negligence.

Where the husband is given poison to drink instead of a beverage, the wife would have no cause of action for such injury done to her husband, who is still living, nor for the loss of his wages sustained by her in a common-law action: 21 Cyc., 1530 (v); 30 Corpus Juris, § 693, page 973.

The husband having the right to recover damages (Dolan v. Burke, 89 Pa. Superior Ct. 295), double compensation could be exacted from the same defendant if the wife was allowed a separate action: 30 Corpus Juris, § 693, note (b)-62.

The statement also discloses from facts and the inferences to be drawn therefrom that the other cause of action arises from the sale of whiskey fit for beverage purposes of an alcoholic content prohibited by the National Prohibition Act, by which the husband became intoxicated and was damaged. For such a cause the wife and minor children have an action in damages for injuries to means of support under the Volstead Act: 33 Corpus Juris, 639, § 299. The husband has no right of action: Dolan v. Burke, supra.

The plaintiffs have, therefore, alleged two states of the case, in one of which the defendant is not liable and in the other the defendant is liable. Such pleading is bad: 49 Corpus Juris, 136, § 141.

The defendant also raised the question that the mine accident happening to the husband on April 19, 1928, and the alleged negligence of the defendant having taken place on July 31, 1927, the time is too remote and speculative as the basis for damages. No succession of facts and circumstances are linked together so as to produce such an expected result and the said injury is not the natural and probable consequence of said negligence as should have been foreseen by the defendant: Hoag & Alger v. Lake Shore & Michigan Southern R. R. Co., 85 Pa. 293.

If this was the only damage alleged, the court would find in favor of the defendant.

The plaintiffs, however, allege in paragraph 11 of their statement of claim that by reason of the drinking of said intoxicating liquor on July 31, 1927, sold by defendant as in paragraph 8 set forth, her husband became intoxicated and was rendered permanently disabled and details in what manner. This is a sufficient allegation as to damages.

Liberally construing the sections of the National Prohibition Act, and being of the opinion, therefore, that the statement of claim does not conform to good pleading, and in view of the authority conferred by the Practice Act upon the court to make such order as may be just, it seems proper to treat the demurrer as in effect a motion to strike off the statement.

Now, to wit, May 31, 1930, it is ordered and decreed that the plaintiffs' statement of claim be and the same is stricken from the record, with leave to the plaintiffs to file within fifteen days from this date a new statement of claim.                       From Jacob C. Loose, Mauch Chunk, Pa.