## Szwed v. Bruno

*Frederick B. Smillie* and *Paul Davis*, for plaintiff.
*E. Arnold Forrest*, for defendant.

DANNEHOWER, J., December 28, 1939.—These cross-actions in trespass arose from the collision of an International truck, owned by Theodore Szwed, and a Buick automobile, owned by Guiseppe Bruno. Each owner sought to recover from the other in a separate action the costs of repairs to his respective vehicle. The jury rendered a verdict in favor of Szwed against Bruno in the sum of $464.84, and did not permit Bruno to recover in the case in which he was plaintiff. Bruno has filed a motion for a new trial, alleging the usual reasons, and also that the trial judge erred in admitting certain evidence over objection. It is conceded that the only reason for a new trial with any merit is the last one, which raises the question whether it was reversible error for the trial judge to admit testimony over objection, to the effect that immediately after the collision Bruno admitted that he was operating on a learner's permit with no licensed operator on the front seat with him.

According to the testimony, both parties contended that the other was negligent in that he operated his vehicle on the improper side of the highway at a curve, as the cars were proceeding in opposite directions.

Edward Szwed, the operator of the truck, was the first witness called. He related how the Bruno car, going 40 miles per hour around the curve, left its right-hand side of the roadway and struck the left front end of the truck, wedging the wheels of the truck against the curb and causing it to upset on the sidewalk. On direct examination, he further testified as follows:

"Q. Did he say anything?

A. First, we turned over. As we did, we started getting out of the truck and I heard Mr. Bruno shout, 'I killed the boys'!

Q. Shouted it?

A. 'I killed the boys'.

Q. What did you say to him immediately after you got out?

A. I said to Mr. Bruno, what kind of driving does he call that, Mr. Bruno said he couldn't help it.

Q. Did you then go over to his car?

A. Yes, sir.

Q. Did you look at his windshield?

A. Looked at this windshield and noticed it was frosted.

Q. Was the wiper working?

A. Working over the frost, making streaks.

Q. Could you see through the windshield?

A. You couldn't exactly see; you could see through, it was very blurry-like.

Q. Did you ask to see Mr. Bruno's license?

A. Yes, I asked Mr. Bruno for his driver's license, and he sort of hesitated and he said to me, 'You don't—'

Mr. Forrest: Objected to.

The Court: I think anything Mr. Bruno said at the time that has any relevancy to the operation of the car, or cause of the collision, is relevant.

Mr. Forrest: Which has anything to do with the operation of the car; as far as anything said about the driver's license is not relevant, it has nothing to do with the operation of the car.

The Court: Objection is overruled and an exception granted.

By Mr. Smillie:

Q. What did he say?

A. Mr. Bruno stated that he did not care how great the damage was, as long as he did not kill no one.

Q. Did you ask again to see his license?

A. Yes, asked again Mr. Bruno about his driver's license, and he got his pocketbook out and showed his learner's permit.

Q. Was it stamped?

A. No, it was not stamped. I asked Mr. Bruno if he had an operator driver with him. He said he had no one with him who was operating.

Mr. Forrest: Objected to, and I ask to have that stricken.

The Court: The objection is noted and Mr. Forrest's motion is denied and exception granted."

Therefore, the sole question for decision is, whether it was reversible error for the trial judge to admit testimony over objection, to the effect that Bruno admitted immediately after the accident that he was operating his motor vehicle on a learner's permit, unaccompanied by a licensed operator. It is contended that such evidence was competent, on the ground that it was part of the res gestae, that it was a voluntary admission on the part of Bruno, and that it would have a tendency to show that he was lacking in experience, skill, and fitness properly to manage and control his machine at the time of the accident, and therefore was evidence to show that at the time he was not in the exercise of due care. We are unable to agree with these contentions, as the question of Bruno's care could be determined only by his conduct at the time when the accident occurred. The fact that the operator was not licensed, or was operating on a learner's permit unaccompanied by a licensed driver, as required by The Vehicle Code, or that the vehicle was not registered, is irrelevant and inadmissible as having no causal connec-

tion with the accident: Hart et al. v. Altoona & Logan Valley Electric Ry. Co., 79 Pa. Superior Ct. 180; Yeager v. Winton Motor Carriage Co., 53 Pa. Superior Ct. 202. As a general rule the violation of a statute will not create liability, where it is not the efficient cause of the injury.

". . . there must not only be a duty violated, but an accident must be the normal result of the violation; that is, an injury must be reasonably anticipated": Gaupin et al. v. Murphy et al., 295 Pa. 214, 217; Siglin et ux. v. Haiges, 95 Pa. Superior Ct. 588. Even though these utterances are part of the res gestae, still they must be relevant circumstantially and relate to the circumstances of the occurrence that gave rise to them; otherwise, they are inadmissible.

The only case cited by counsel for Szwed, Lloyd v. Noakes, 96 Pa. Superior Ct. 164, is authority for an entirely different set of facts and is not in point. There the question was not as to the admissibility of testimony that defendant driver did not have a license, but whether plaintiff guest, knowing that his driver had no license, was guilty of contributory negligence in riding with an unlicensed operator. In that case, the question of the operator's competence to drive was in issue, and was properly submitted to the jury.

In the instant case, whether Bruno was a licensed or unlicensed operator was irrelevant and inadmissible, because it had no causal connection and was not the proximate and efficient cause of the injury. The mere fact that Bruno was engaged in violating the law in not having a licensed operator with him at the time of the happening of the accident would not make him liable to pay damages, unless such violation was an efficient cause of the injury. Such testimony having been admitted, and obviously being prejudicial to Bruno, a new trial should be granted.

And now, December 28, 1939, for the foregoing reasons, the motion for a new trial is granted and both cases are ordered on the issue list for retrial.