## Emanuel, Appellant, *v.* Ketner.

Submitted April 21, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Benjamin Dresnin,* for appellant.

*Daniel T. McWilliams,* for appellee.

OPINION BY MR. JUSTICE EAGEN, October 9, 1970:

On August 17, 1961, about eight p.m., Simon Emanuel was injured when a truck in which he was a passenger collided with an automobile operated by Lester R. Ketner at a street intersection in Philadelphia. The truck in which Emanuel was riding was owned by his employer, Joseph Gallaccio & Company, and was operated at the time by a fellow-employee, James Mitchell, on the employer's business.

Emanuel sued Ketner for damages and Ketner joined the Gallaccio Company and Mitchell as additional defendants in the action. At trial, the jury returned a verdict in favor of Emanuel in the sum of $13,000 against the additional defendants only. Emanuel filed a motion for judgment n.o.v. or a new trial in his case against Ketner. These motions were denied and judgment was entered on the verdict. Emanuel filed this appeal.

Emanuel's contention that he is entitled to judgment notwithstanding the verdict is without merit, but he is entitled to a new trial.

During the trial, Ketner's counsel, over objection, introduced evidence to show that at the time of the accident Mitchell was not licensed to operate an automobile in Pennsylvania. Under the pleadings and the proof, this fact was immaterial to the issues involved and was unduly prejudicial.

The complaint filed by Ketner against the additional defendants did not allege that Mitchell was an incompetent driver, and the proof at trial did not present this issue. The issue of liability resolved itself into a pure question of negligence on the part of either or both drivers while proceeding through the intersection. Under these circumstances, whether or not Mitchell was a licensed driver was irrelevant, because it had no causal connection with the accident and could not be

found to be the proximate and efficient cause thereof. Cf. *Hart v. Altoona,* 79 Pa. Superior Ct. 180 (1922); *Szwed v. Bruno,* 37 Pa. D. & C. 496, 56 Mont. Co. L. R. 21 (1939); *Wysock v. Borchers Bros.,* 104 Cal. App. 2d 571, 232 P. 2d 531 (1951).

Judgment in the case of Emanuel v. Ketner is reversed, and a new trial is ordered.

Mr. Justice JONES concurs in the result.